Opinion delivered April 10, 1889.

27 463
28 393
27 463
30 312
30 676

## No. 6229.

## GEORGE TAYLOR *v.* THE STATE.

1. THEFT—CIRCUMSTANTIAL EVIDENCE—CHARGE OF THE COURT.—The *factum probandum* of theft is the taking of the property. If that fact is proved merely as a matter of inference from other facts in evidence, and not by an eye witness, the case rests wholly upon circumstantial evidence; and the failure of the trial court to charge the jury upon the law of circumstantial evidence is material error.

2. SAME—POSSESSION OF RECENTLY STOLEN PROPERTY is not positive evidence of theft, but merely a circumstance tending to prove theft, and is therefore in its character simply circumstantial evidence; and,

when alone relied upon by the prosecution, demands of the trial court a charge upon the law of circumstantial evidence.

3. Same.—If the inculpatory facts in a theft case consist alone of recent possession of stolen property, explained by the accused when first challenged, it imposes upon the court the imperative duty of explaining to the jury in its charge the law applicable to such recent possession and explanation.

4. Practice—Privilege of Counsel.—While on the stand the sheriff was asked by the prosecuting attorney if he did not arrest the defendant several years ago for burglary.   The defense objected, and the prosecuting attorney remarked, in the hearing of the jury, that he proposed to "prove by the sheriff that defendant was arrested two or three years ago for a burglary committed in Dallas county, at the same time and place as he is now charged with theft." *Held*, that such proof was not competent, and the trial court should so have instructed the jury.

Appeal from the District Court of Dallas.   Tried below before the Hon. R. E. Burke.

The conviction in this case was for theft of property over the value of twenty dollars, and the penalty assessed against the appellant was a term of two years in the penitentiary.

Dan Stewart testified, for the State, in substance that a coat, vest and pair of shoes, worth in the aggregate more than twenty dollars, were stolen from his room over the "Coney Island" saloon in Dallas, Texas, about the time alleged in the indictment.   He did not know who stole the said articles.

Dick Nelson, an employe about the Coney Island saloon, testified, for the State, that on the day named in the indictment, he heard some person go into Stewart's room and leave it again.   He thereupon stepped out of the saloon and intercepted defendant in the act of leaving the building with a bundle under his arm.   He asked the defendant what the bundle contained.   Defendant first denied that he had a bundle, and then said that the bundle was handed to him to hold by a man who went up stairs.   Witness then called a policeman, who arrested defendant.   The bundle proved to be Dan Stewart's coat, vest and shoes.   He did not see defendant take the articles.

Witnesses for the defense testified that the articles, being second hand, were worth less than twenty dollars.   State witnesses in rebuttal testified that they were worth in the market more than twenty dollars.

*Isaac R. Oeland,* for the appellant.

*W. L. Davidson,* Assistant Attorney General for the State.

WHITE, PRESIDING JUDGE. No one saw the defendant take the alleged stolen property. As made by the evidence, the case was one of possession, explained by defendant, of property recently stolen, the sufficiency of such explanation being a question for the jury. "The *factum probandum* of theft, as that offense is defined by our statute, is the taking of the property. If the *taking,* being the main fact in issue, is not directly attested by an eye witness, but is proved as a matter of *inference* from other facts in evidence, the case rests wholly upon circumstantial evidence, and the failure of the trial court to give in charge to the jury the law of circumstantial evidence is material error." (Crowell v. The State, 24 Texas Ct. App., 404.)

"Possession of recently stolen property is not positive evidence of theft. At most, it is but a circumstance tending to establish theft. A case, therefore, depending alone upon the possession of recently stolen property is a case resting alone upon circumstantial evidence, and in such case the omission of the trial court to charge the jury upon the law of circumstantial evidence is material error." (Boyd v. The State, 24 Texas Ct. App., 570.) "And the charge of the court in a theft case, if the inculpatory facts consist alone of recent possession of stolen property, explained by the accused, when his possession was first challenged, is insufficient unless it explains to the jury the law applicable to such recent possession and explanation." (Fernandez v. The State, 25 Texas Ct. App., 538; Florez v. The State, 26 Texas Ct. App., 477.)

In this case the charge of the court fails to instruct the jury either upon circumstantial evidence or the law with regard to property recently stolen, with explanation of his possession by the defendant.

The remark of the prosecuting attorney in the presence of the jury that he proposed to "prove by the sheriff that defendant was arrested two or three years ago for a burglary committed in Dallas county at the same time and place as he is now charged with theft," was clearly wrong and calculated to prejudice defendant with the jury. Such evidence was not admis-

sible, and afforded no reasonable presumption or inference pertinent to the issue in the case for which defendant was on trial, and the court failed so to instruct the jury. (Cesure v. The State, 1 Texas Ct. App., 19; Chumley v. The State, 20 Texas Ct. App., 547, and authorities cited.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*