## W. C. LINDSEY v. THE STATE.

### No. 586.   Decided May 11, 1910.

**1.—Recognizance—Misdemeanor—Offense.**

Where, upon appeal from a violation of the local option law, the recognizance failed to allege that the defendant had been convicted of a misdemeanor and that he was bound to abide the judgment "in this case," the same was insufficient.

**2.—Same—Offense Eo Nomine—Description of Offense.**

Unlawfully selling intoxicating liquors in a prohibited district is not eo nomine an offense under the law, and a recognizance with such a description of the offense, without alleging that the conviction was for a misdemeanor is insufficient.

Appeal from the County Court of Young.   Tried below before the Honorable E. W. Fry.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A Mobley,* Assistant Attorney-General, for the State

McCORD, JUDGE.—This is an appeal from a conviction for violating the local option law, the punishment assessed being twenty days imprisonment in the county jail and a fine of $25.

The State through her assistant attorney-general has filed a motion to dismiss this appeal because of a defective recognizance. The recognizance states that "the said W. C. Lindsey, who stands charged in this court with the offense of unlawfully selling intoxicating liquors in prohibited district and who has been convicted of said offense." The recognizance should have stated that the defendant had been convicted of a misdemeanor. Unlawfully selling intoxicating liquors in prohibited district is not *eo nomine* an offense under the law. Said recognizance is further defective in that it binds appellant to abide the judgment of the Court of Criminal Appeals of the State of Texas, and omits to say "in this case."

The recognizance being defective the State's motion will be granted and the case dismissed, and it is accordingly so ordered.

*Dismissed.*