JASPER BLACK v. THE STATE.

No. 2041. Decided November 13, 1912.

Rehearing granted December 4, 1912.

**1.—Occupation—Selling Intoxicating Liquors—Appeal Bond.**

Where the appeal was dismissed on account of a defective appeal bond, and it was thereafter shown that a proper appeal bond was filed but inadvertently omitted from the transcript, the appeal is reinstated.

**2.—Same—Evidence—Leading Question—Bill of Exceptions.**

Where, upon appeal from a conviction of pusuing the occupation of selling intoxicating liquors in prohibition territory, it appeared from the record that the questions were not leading and answers were germane and admissible, there was no reversible error; besides, the bill of exceptions was defective.

**3.—Same—Evidence—Sale—Exchange.**

Where defendant let prosecutor have two quarts of whisky to be repaid in whisky, the same constituted a sale in law, and the testimony with reference thereto was admissible: besides, the bill of exceptions was defective.

**4.—Same—Evidence—Other Trarsactions.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, testimony with reference to other transactions was admitted and properly limited by the court's charge, there was no error; besides, the bill of exceptions was defective.

**5.—Same—Evidence—Moral Turpitude—Felony.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in permitting the State, on cross-examination of defendant, to show that he had been arrested upon the charge of burglary.

**6.—Same—Evidence—Other Transactions—Occupation.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error to admit testimony that defendant had access to a quantity of whisky at the time he was alleged to have made the sale and pursued the occupation charged; besides, the bill of exceptions was defective.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence supported the conviction, there was no error.

Appeal from the District Court of Panola. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Brooke & Woolworth,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of the offense of pursuing the occupation of selling intoxicating liquors in prohibition territory, and his punishment assessed at two years confinement in the penitentiary.

The appellant after conviction attempted to appeal his case by filing an appeal bond. The bond copied in the record is not drawn in accordance with the law. It does not recite that appellant has been convicted of any offense, does not disclose the punishment assessed, and does not bind the appellant "to abide the judgment of this court" in this case. Neither has it been approved by the judge trying the case, and in no sense is it in compliance with articles 903 and 904 of the Code of Criminal Procedure. For these reasons the cause must be dismissed.

*Dismissed.*

### ON REHEARING.

#### December 4, 1912.

HARPER, Judge.—At a former day of this term this case was dismissed on account of defective appeal bond. Appellant has filed his affidavit, and a certificate of the clerk showing that the bond copied in the record is not the bond on file in the District Court, but the bond as filed by appellant is in full compliance with the law governing appeals, and of course is entitled to have this cause reinstated. The clerk states "On the last day of the term the motion for a new trial was by the court in all things overruled as shown by records in the said cause, and that on the said 25th day of April the said District Court of Panola County, Texas, adjourned for the term, and that on the said day there was filed in my office by the attorneys for Jasper Black an appeal bond, of which said bond the following is an exact and literal and verbatim copy, and which said bond was approved by the Hon. W. C. Buford, judge of the said District Court, and W. D. Anderson, sheriff of Panola County, Texas. That the same was not made a part

of the record of the said cause and was not copied in the transcript of the case of Jasper Black, which was appealed to the Hon. Court of Criminal Appeals of the State of Texas, and was by oversight left out of said transcript containing the record of said appeal, and that the copy of the said appeal bond was left out entirely by the carelessness of myself, and was not in any way the fault of either of the attorneys who were and are representing the defendant."

There are a number of bills of exception in the record, No. 1 reading as follows: "Be it remembered that upon the trial of the above numbered and styled cause, and while Lenwood Neal, a witness was on the stand for the State, that the State asked said witness the following question: Q. Did you ever give Jasper Black groceries when you didn't get some whisky before you let him have the groceries? To which the defendant then and there objected for the reason that the same was leading and was too general, and was calculated to prejudice the minds of the jury against the defendant; which said objection the court then and there overruled and permitted the witness to answer as follows: A. No, sir, I don't think I did. To which said action of the court the defendant then and there in open court excepted and here his bill of exceptions and asks that the same be filed and approved and made a part of the record in this cause." It will be seen by reading this bill it is too vague and indefinite to present any question for review. The appellant was charged with pursuing the occupation of selling intoxicating liquors in prohibition territory, and was alleged to have made sales to this witness, and when we turn to the testimony of this witness we learn that he says he sold the appellant groceries and received whisky in payment therefor. It is thus seen that the connection in which the testimony was offered is not stated, and the objection that it was "leading, too general, and prejudicial," does not present the matter in such way that we could act thereon without reference to the statement of facts, and when we turn to the statement of facts we find the question and answer are germane and admissible.

Bill of exceptions No. 2 does not present the question sought to be raised in a way we can review it, but if we again turn to the statement of facts, it shows that appellant let the witness Rasberry have two quarts of whisky to be repaid in whisky. This, under our law, was a sale, and the testimony admissible.

In bills Nos. 3 and 4 it is shows that appellant objected to certain questions propounded the witness Aber Collins on cross-examination. The answers to the questions, if the witness answered them, are not stated in the bills, consequently they present no question for review. In regard to those matters the court instructed the jury: "The testimony which has been admitted before you with reference to the other transactions, than the Neal transaction, that is, the transaction with Rasberry and the transaction with Collins, you can not consider or estimate them as sales within the meaning of the two sales above defined, but said testimony was admitted before you to enable you the

better to pass upon the questions as to whether or not the defendant did or did not engage in the occupation of selling intoxicating liquor."

In bills Nos. 5 and 7 it is shown the defendant having testified, the State was permitted to prove that he had been arrested charged with burglary. This is an offense of the grade of felony, and there was no error in admitting the testimony.

The question attempted to be raised in bill No. 6 is likewise in such condition that we can not review it. The attendant circumstances are not stated, and the answer of the question propounded is not given. However, if we turn to the statement of facts the purpose of the testimony was to show that appellant had access to a quantity of whisky at the time he is alleged to have made the sales and pursued the occupation, and it was admissible for that purpose.

The only other ground in the motion complains of the insufficiency of the testimony. We frankly admit that the testimony of Neal is not of a very satisfactory character, yet the jury believed his testimony, and if true, it and the other facts and circumstances in evidence support the verdict, and under such circumstances we do not feel inclined to disturb it.

The judgment is affirmed

*Affirmed.*