CHARLEY CLARK V. THE STATE.

No. 3186.   Decided June 24, 1914.

Rehearing denied October 14, 1914.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

**2.—Same—Charge of Court—Theory of Defense.**

Where defendant's theory of defense was submitted in the court's main charge, there was no error in refusing a special requested charge which was not the law of the case.

**3.—Same—Evidence—Bill of Exceptions.**

Where, upon trial of a violation of the local option law, the defendant contended that the prosecuting witness at the time of the alleged purchase was

so intoxicated that his recollection was impaired, there was no error in admitting testimony tending to show the contrary; besides, the bill of exceptions was defective. Following James v. State, 63 Texas Crim. Rep., 75.

### 4.—Same—Practice in District Court—Calling Witness.

The order in which the witnesses are introduced is a matter in the discretion of the trial court, and in the absence of abuse of the discretion shown, there was no error in permitting the county attorney to examine a witness after defendant had proceeded to introduce his testimony.

### 5.—Same—Evidence—Contradicting Testimony.

Where the defendant contended that the prosecuting witness was drunk at the time of the alleged sale of the intoxicating liquor to the extent that he could not recollect what transpired, there was no error in permitting the State to show the contrary. Following Stewart v. State, 38 Texas Crim. Rep., 627.

### 6.—Same—Evidence—Rebuttal.

Where defendant attempted to show on cross-examination that a State's witness was a paid "spotter" or detective, there was no error in permitting the State to show that said witness was a bonded deputy sheriff.

### 7.—Same—Evidence—Other Transactions.

Upon trial of a violation of the local option law, there was no error in permitting the State's witness to testify that after he bought the alcohol from defendant he gave it away to others, and also that defendant from time to time procured and had on hand intoxicating liquors.

### 8.—Same—Misconduct of Jury.

Where defendant claimed in his motion for new trial that the jury discussed the fact that defendant had a row or fight on some other occasion, and the court heard evidence thereon, and several of the jurors disclaimed any knowledge of such occurrence and all testified that the matter had nothing to do with their verdict, there was no error in overruling the motion on that ground. Following Coffman v. State, 165 S. W. Rep., 939.

Appeal from the District Court of Grayson. Tried below before the Hon. W. J. Mathis.

Appeal from a conviction of a violation of the local option law; penalty, one year's imprisonment in the penitentiary.

The opinion states the case.

*Jones & Hassell,* for appellant.—On question of refusing defendant's special requested charge that the transaction was not a sale: Clay v. State, 65 Texas Crim. Rep., 402, 144 S. W. Rep., 280; Scott v. State, 70 Texas Crim. Rep., 57, 153 S. W. Rep., 871; Hall v. State, 153 S. W. Rep., 902; Matthews v. State, 71 Texas Crim. Rep., 374, 155 S. W. Rep., 228; Ward v. State, 71 Texas Crim. Rep., 310, 158 S. W. Rep., 1126.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for making an unlawful sale of intoxicating liquor in Grayson County, after the law prohibiting the sale thereof was in force making it a felony, and his punishment assessed at one year in the penitentiary.

The evidence in behalf of the State clearly showed an unlawful sale by him at the time charged in the indictment. The case was tried in February, 1914. No complaint was made to the charge of the court. It is full and correct, submitting every issue properly raised by the evidence.

Appellant claims the court erred in refusing to give his special charge to the effect that if the jury believed that Will Travis, the prosecuting witness, sold or agreed to sell alcohol to a horse trader and pursuant to such sale or agreement he took the empty bottle of said person and went to defendant's shop where he worked and himself procured alcohol from a bottle of alcohol used by defendant for the purpose of bathing his ankle, or if they had a reasonable doubt of it, to acquit him. In no contingency should this charge have been given. The issue attempted to be presented by this special charge was fully and more completely covered by the court's charge in his favor to this effect: If you believe from the evidence that Will Travis procured the alcohol in question from the office in Bert Clark's blacksmith shop without the knowledge or consent of defendant; or if you believe the said Travis obtained said alcohol in any other way than the purchase of same from defendant, or if you have a reasonable doubt about this, you will acquit him.

Appellant has several bills of exceptions to the asking and answering of several questions by different witnesses. As a sample of one of them, his second bill, after the usual heading, is:

"While the prosecuting witness, Will Travis, was on the stand and after he had testified in substance that he bought alcohol from the defendant, he was asked by State's counsel the following question: 'How long after that occurred, Will (that is, the transaction between the prosecuting witness and defendant), was it when you told me about this matter, made a statement to me?' To which the defendant objected as leading and suggestive, argumentative, hearsay, a transaction between third persons not shown to have been in the presence of defendant and not binding upon him and an effort to corroborate and bolster up his own witness by a hearsay statement and transaction, which objection was by the court overruled and the witness was permitted to answer and did answer, about fifteen or twenty minutes.

"To which action the court in overruling said objections and admitting said evidence, defendant in open court excepted, and presents this his bill of exceptions thereto." The court, in allowing the bill, qualified it as follows: "It being defendant's contention that the prosecuting witness was so intoxicated as that his recollection of the matters under inquiry would be entirely improbable, the court admitted this testimony as tending to show the condition of said prosecuting witness." This bill, like all of his others, is insufficient to be considered or show any reversible error. James v. State, 63 Texas Crim. Rep., 75. But if considered, as qualified by the court, it shows no error.

By another bill it is shown that after the State had introduced the prosecuting witness and other testimony, the county attorney announced

to the court that one of his witnesses was then absent, but he would introduce him when he came in, and then rested.   Appellant complained of this and of being required to proceed with his testimony and that later when this witness arrived, the court permitted the county attorney to introduce him and have him testify.   This shows no error whatever. The order in which the witnesses are introduced is a matter in the discretion of the court and this shows no abuse of discretion by the court.

There was no error in the court permitting the witnesses, over appellant's objection, to testify that the prosecuting witness, while under the influence of liquor, was not drunk at the time he claimed to have bought the alcohol from appellant.   Stewart v. State, 38 Texas Crim. Rep., 627; Branch's Crim. Law, sec. 347.   The court qualified his bills on this subject by stating that the defendant contended that the prosecuting witness, Travis, was drunk at the time of the alleged sale, and that his condition was such as 'to make his recollection of events during that part of the day improbable..   The court admitted the testimony as bearing on the condition of the prosecuting witness at the time.

There was no error in permitting the State in redirect examination of one of its witnesses to prove by him that he was a bonded deputy sheriff.   The appellant had attempted to show, in cross-examination of him, that he was a kind of spotter or detective on pay.

Even if we could consider it, appellant's bill, objecting to the prosecuting witness testifying that after he bought the alcohol from appellant, he at once gave it to Gudgel, who divided it between himself and another fellow, the witness having testified that he bought the alcohol for these two persons, shows no error.   The State showed that appellant was in the habit of going off and bringing back considerable quantities of whisky and alcohol and attempted to prove by him if he did not, just a day or two before the occasion of this alleged sale, hurriedly get off of a train with liquor and get into a closed carriage and drive off rapidly.   He objected to this and the court sustained his objection. This presents no reversible error.   Nor was there any error in the court permitting the State, in cross-examination of appellant, to have him testify how many times he went to Dallas within the last six months or year and procured and brought back with him intoxicating liquors.   The State in cases of this kind is always permitted to prove that the accused from time to time procured and had on hand intoxicating liquor.   However, the court, in qualifying appellant's bill on this subject, stated that the testimony of the witness tended to refute the charge for which he was on trial.

One ground of appellant's motion for new trial is that when the jury went out to consider their verdict, about the middle of one evening, they stood six to six for some time; that afterwards, it is claimed, the jury discussed the fact that appellant had had a row or fight on some other occasion with a deputy sheriff.   The court heard evidence on that motion, and briefly stated, it shows that some one of the jurors inquired of another if appellant was the man who had had the row or fight with a deputy sheriff, or if it was a barber by the name of Charley somebody,

and the answer was made that appellant was the man instead of the barber. Some of the jurors claimed to have heard this, others that they did not hear anything said about the matter; that it was not used as an argument and did not have the effect to cause his conviction. The court, in allowing the bill on this subject, qualified it by stating that several of the jurors disclaimed any knowledge of the occurrence and all of them insisted that the matter had nothing to do with the verdict. The court did not err in refusing to grant a new trial on this ground. See Coffman v. State, 73 Texas Crim. Rep., 295, 165 S. W. Rep., 939, and cases therein cited.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 14, 1914.—Reporter.]