WEAVER SANDERS v. THE STATE.

No. 4767.   Decided December 19, 1917.

Rehearing granted February 27, 1918.

**1.—Recognizance—Rehearing—Practice on Appeal.**

Where the appeal was dismissed, because of the insufficiency of the recognizance, but a new recognizance had been filed complying with the law, the appeal is reinstated.

**2.—Same—Forgery—Insufficiency of the Evidence—Identification.**

Where, upon trial of forgery, the evidence as to the identity of the defendant and his connection therewith was too indefinite and, besides, there was strong evidence of an alibi, etc., the judgment is reversed and the cause remanded.

Appeal from the District Court of Cherokee.   Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John C. Box,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of insufficiency of recognizance: Lindsey v. State, 59 Texas Crim. Rep., 273; Black v. State, 68 Texas Crim. Rep., 151, 151 S. W. Rep., 1053.

DAVIDSON, PRESIDING JUDGE.—The Assistant Attorney General moves to dismiss the appeal because of the insufficiency of the recognizance in that it is not in compliance with article 903, Code of Criminal Procedure.   First, it fails to provide that defendant shall abide the judgment of the Court of Criminal Appeals; second, it fails to stipulate the obligation shall be joint and several in its liabilities of the sureties, and, third, it fails to show appellant was convicted of a felony. We find from an inspection of the recognizance that it does not comply with article 903, Code of Criminal Procedure in the respects indicated. The motion is well taken, and the appeal is dismissed.

*Dismissed.*

ON REHEARING.

February 27, 1918.

DAVIDSON, PRESIDING JUDGE.—On a former trial of the term this appeal was dismissed for want of a sufficient recognizance.   A new recognizance has been filed complying with the law.   At the request of appellant the appeal is reinstated, and the case will be passed upon on its merits.

The indictment contained two counts, one charging appellant with forgery of the name of J. R. Taylor, drawn on the First National Bank

of Jacksonville for the sum of $7.50, and the second charges an attempt to pass the instrument on F. D. Newton, an employe of the bank.

It is contended the evidence is insufficient to support the conviction, first, because appellant has not been sufficiently identified as the party who undertook to pass the check, and, second, that he proved by quite a number of witnesses an alibi. The evidence for the State shows that the check was attempted to be passed upon the bank at about 2:30 o'clock, not earlier than 2 o'clock perhaps, and before 3 o'clock. Appellant proved, as well as human testimony can, that he was not in Jacksonville at that time, but had left the town some time before 1 o'clock. It is unnecessary to repeat the testimony of these different witnesses, but the evidence is uncontradicted, unless the testimony of Mr. Newton would indicate that appellant did in fact present the check at the bank. Mr. Newton's testimony is so inconclusive and uncertain as to the identity of appellant that we are not willing that this judgment should stand in the light of the entire testimony. It was shown that another party was first arrested for this offense, and subsequently appellant. Speaking of the party who presented the check, Mr. Newton says: "The boy came in with the check. As I said just now, I couldn't be absolutely positive that it was this defendant. Whoever it was presented the check to me, and while we were talking about the check, as I told Mr. O'Quinn, someone else came in and I waited on them and when I looked around this party who had presented the check was gone. I think at that time Mr. Boles was just outside talking with some parties and he came on in the bank then pretty soon. I think he was standing right near the door where our customers come in and go out. I never knew this defendant only in a passing way before this trouble came up and I am unable to swear positively that he is the party who presented this check to me for payment. I would not say that I ever knew him before this time,—not as Weaver Sanders anyhow. As I told Mr. Box just now, I wouldn't be willing to swear absolutely that this defendant is the party who presented the check to me for payment; but, as I told you on direct examination, from his personal appearance and size and color and general appearance, it is my best knowledge and belief that this is the same party."

On motion for new trial Mr. Newton filed an affidavit to the effect that he "is not absolutely certain about the identity of the defendant as the one who presented the forged check and that because he is not absolutely certain as to the identity of the defendant he joins in the request that a new trial be granted."

Appellant is a negro boy, and had borne concededly a fine reputation for honesty, fair dealing, and as being a hard working, industrious negro. Upon this there was no issue; it seems to have been conceded. Appellant swears positively that he did not present the check; that he left town some time prior to the presentation of the check and had nothing to do with it. He proves an alibi, and the State's case relied

upon the testimony of Mr. Newton and one other witness, who testified about as did Mr. Newton. Mr. Taylor, whose name was alleged to be forged, gave the boy a high rating from the standpoint of being an industrious, hard-working negro, and against whose character nothing had ever been shown. He also filed an affidavit, which is attached to the motion for new trial, to the effect that he was a large dealer in farming and had a sawmill and employed a great number of negro laborers, and also bought and sold cattle, and had given many checks to negroes; that many of them lived around in the country where he resides; that he had known appellant for a number of years and he had an unusually good reputation for honesty and good conduct. He says: "I have very serious doubt as to whether he is in truth and in fact the negro who forged or tried to collect the check for $7.50 in connection with which Sanders was prosecuted. I do not believe he should have been convicted; that this opinion is based on what I know of the negro, what I have learned from conversations with the people in the bank, from testimony which I heard upon the trial and from all of the facts and circumstances with which I am acquainted; and that in the interest of justice I join in the request that the negro be granted a new trial solely because of my strong doubt as to his guilt."

Mr. Newton also filed an affidavit to the effect that he is not absolutely certain about the identity of the defendant as the one who presented the forged check, and that because he is not absolutely certain as to the identity of the defendant he joins in the request that a new trial be granted him.

Mr. Parrish, president of the bank, files an affidavit that "he has on his own motion made inquiry into the facts concerning the forging and presentation of said check; that he has talked with Mr. J. R. Taylor and finds that Mr. Taylor is in serious doubt about the guilt of Weaver Sanders; that said J. R. Taylor is seriously disturbed on account of the fear that an innocent negro has been convicted for said offense; that he has further discussed the facts with Frank Boles and F. D. Newton, employes of said bank, who had some connection with the presentation of said check and who testified as witnesses for the State upon the trial of Weaver Sanders; that he finds that there is, in fact, a considerable uncertainty in the mind of Frank Boles and F. D. Newton as to whether Weaver Sanders is in truth and in fact the party who forged, presented and attempted to collect said check; that he fears that a gross injustice has been done in the conviction of this negro."

We are of opinion that the evidence as to identity of the defendant and his connection with this matter is too indefinite to form the basis of his incarceration in the penitentiary as presented by this record. The uncertainty of the identity, the good character of the boy, the strong evidence of alibi, leaves this case in such shape that we believe this

judgment ought to be reversed and another trial awarded, and it is accordingly so ordered.

*Reversed and remanded.*

PRENDERGAST, JUDGE, absent.