### ARNALDO LOPEZ v. THE STATE.

#### No. 5196.   Decided June 4, 1919.

**Recognizance—Practice on Appeal.**

Where the recognizance did not bind the appellant to abide by the decision of the Court of Criminal Appeals of Texas, etc., the same was defective, and the appeal must be dismissed.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe.

Appeal from a conviction of selling intoxicating liquors to United States Soldiers; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is an appeal from a felony conviction in the District Court of the Thirty-fourth District of El Paso County.

The Assistant Attorney General has filed a motion to dismiss the appeal because of a defective recognizance. The recognizance does not bind the appellant to abide by the decision of the Court of Criminal Appeals of Texas. Lindsey v. State, 59 Texas Crim. Rep., 273. Nor does the same show the court in which the accused was tried. Hughes v. State, 62 Texas Crim. Rep., 288. Nor does said recognizance follow the form prescribed by our statutes. See Art. 903, C. C. P.; Black v. State, 68 Texas Crim. Rep., 151, 151 S. W. Rep., 1053.

The motion of the Assistant Attorney General will be sustained, and the appeal dismissed.

*Dismissed.*