### JOHN STATEN v. THE STATE.

No. 6646.   Decided December 20, 1922.

Rehearing denied January 17, 1923.

**1.—Assault to Murder—Recognizance—Practice on Appeal.**

Where the instrument entered into was an appearance recognizance, and in no particular complied with Article 903, C. C. P., providing for a recognizance pending appeal, the appeal must be dismissed. However, a sufficient recognizance having been filed after dismissal, the case is heard upon its merits.

**2.—Same—Continuance—Diligence—Deposition.**

Where the absent witnesses resided in another State and no effort was made to obtain their depositions, and only a subpoena was applied for and issued, the same was insufficient diligence, and the application was correctly overruled.

**3.—Same—Acts of Third Party—Court of Demonstration.**

Where the motion for a new trial set out certain acts of third parties, alleging that demonstrations were made in the court room to hang the defendant, but upon hearing of testimony there was no ground upon which to base a motion for a new trial on account of harmful demonstrations in the courtroom, the same was properly overruled.

**4.—Malice—Charge of Court—Pushing Injured Party From Moving Train.**

Where appellant asserted that there was no evidence showing malice and that it was error for the court to have submitted the law of assault with malice aforethought, and the evidence showed that defendant deliberately pushed the party injured off a train moving forty-five miles an hour, the same did show express malice.

**5.—Same—Evidence—Practice in Trial Court.**

Where the trial court sustained appellant's objection to a question propounded by the State to appellant regarding what he had told the grand jury, but it appeared that the question was merely asked and not answered, there was no reversible error.

**6.—Same—Argument of Counsel—Practice on Appeal.**

Where the prosecuting attorney in his argument referred to appellant as a confessed bootlegger, and there was no charge to withdraw said remark although objected to, and the counsel's argument was simply a rather strong deduction from the testimony, there is no reversible error.

**7.—Same—Rehearing—Practice on Appeal.**

This court will adhere to its former holding that the mere asking of the alleged question, objections to which were sustained, would constitute no error. Following Huggins v. State, 60 Texas Crim. Rep., 214, and other cases. Besides, the bill of exceptions did not show the truth of the fact of

defendant's right or that he had not voluntarily appeared before the grand jury.

**8.—Same—Argument of Counsel—No Reversible Error.**
This court is not inclined to view the reference of State's counsel to appellant as a confessed bootlegger under the facts in the instant case, was without evidence upon which such conclusion might find some basis, nor that it was so obviously hurtful as to call for a reversal.

Appeal from the District Court of Harrison. Tried below before the Honorable P. O. Beard.

Appeal from a conviction of an assault with intent to murder; penalty, five years imprisonment in the penitentiary.

*Hall, Brown & Hall,* for appellant.—On question of argument of counsel: Davis v. State, 114 S. W. Rep., 366.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of argument of counsel: Monroe v. State, 89 Texas Crim. Rep., 326; Rainey v. State, 89 id., 293; Barton v. State, 89 id., 387; Cockrell v. State, 85 id., 326.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder. Punishment, five years in the penitentiary.

Motion for new trial was overruled on July 26, 1921, and on the same day appellant, seeking enlargement pending appeal, entered into recognizance as follows:

"The State of Texas DISTRICT COURT, HARRISON COUNTY
     vs. No. 14704.                    July Term, A. D. 1921.
John Staten.

On this 26th day of July, A. D. 1921, came into open Court the defendant, John Staten, accompanied by R. A. Hall, Joe S. Brown and S. B. Hall, who were tendered and accepted as sureties; and thereupon the said John Staten, as principal, and the said R. A. Hall, Joe S. Brown and S. B. Hall, as sureties, acknowledged themselves to be indebted to the State of Texas, the said principal in the sum of Seven Hundred and Fifty and no/100 ($750.00) Dollars, and the said sureties in the sum of Seven Hundred and Fifty and no/100 ($750.00) Dollars, each, to be levied of their respective goods and chattels, lands and tenements, but to be void, nevertheless, in case the said principal shall well and truly make his personal appearance before the Honorable District Court of Harrison County, Texas, at the Court House of said County in Marshall, on the *instanta* 1921, and there remain from day to day and from term to term of said court to answer the State of Texas upon a charge by indictment duly presented and pending in said Court. Wherein the said John Staten is accused of the offense of assault to murder."

It may be seen at a glance that the foregoing instrument is an ap-

pearance recognizance only and in no particular complies with Article 903, C. C. P., providing for recognizance pending appeal. No jurisdiction is conferred upon this court by such an obligation. Westbrook v. State, 88 Texas Crim. Rep., 466, 227 S. W. Rep., 1104; Sanders v. State, 83 Texas Crim. Rep., 110, 201 S. W. Rep., 411; Lopez v. State, 85 Texas Crim. Rep., 402, 212 S. W. Rep., 954; Sauer v. State, 90 Texas Crim. Rep., 596, 236 S. W. Rep., 721. (For other authorities see collation under Article 903, Vernon's Texas Civ. & Crim. Statutes, 1922 Supplement.)

The appeal must be dismissed.

*Dismissed.*

### REHEARING.

### December 20, 1922.

LATTIMORE, JUDGE.—At a former day of this term the appeal herein was dismissed because of an insufficient recognizance. This defect has now been remedied and the case will be considered by us on its merits.

Appellant was convicted in the District Court of Harrison County of assault with intent to murder, and his punishment fixed at five years in the penitentiary.

We need not discuss or state at length the facts. They sufficiently show that following a transaction apparently involving appellant in the handling of a bottle of some kind of liquor at Texarkana, which was witnessed or discovered by Mitchell, the alleged injured party, appellant urged Mitchell not to turn him in or report on him to the officers, but he not agreeing to do so, Mitchell, who was steward of a dining car, was pushed by appellant off a moving train at night, the train then moving at a rate of forty-five miles per hour, from which Mitchell suffered severe injuries.

A continuance was sought by appellant. From the record it appears that he was arrested on May 29th, the day following the alleged assault; was indicted on June 13th and tried on July 7th following: The absent witnesses were three waiters in said dining car. They resided in St. Louis, Missouri. No effort was made to obtain their depositions, and the only showing of diligence appearing in the record is the issuance of a subpoena on July 1st to Harrison County, Texas, for said witnesses. The train to which the dining car in question was attached, operated between St. Louis, Missouri, and San Antonio, Texas. Manifestly the facts above stated negative the proposition of diligence on the part of appellant. No affidavits of any of said witnesses were attached to the motion for new trial.

While the jury were waiting for the court to prepare his charge after the close of the taking of testimony, a man came into the court room with a rope. Affidavits were appended to the motion for new trial apparently seeking to show that some one tied a hangman's

noose in said rope and that it was shaken at appellant and a remark made to one of appellant's attorneys that they were going to hang his negro. This matter was fully investigated by the trial court upon the presentation of said motion for new trial. The man who brought the rope into the courtroom testified that he went to see the sheriff about moving a cow and that when he got into the courtroom he dropped a small rope which he had into the lap of a man sitting in the rear of the courtroom and went on up to talk to the officer. He further stated that he did not see the appellant and did not know who was on trial, and had no interest whatever in the matter and made no demonstration. The man in whose lap the rope was dropped testified to that fact and that he took the rope up and tied it in various knots but denied making any demonstration of any kind or seeing anyone else do anything of that sort. It is further shown that the place where the rope was had in the courtroom was behind the jury and that they could not see it without turning. However, the State introduced two jurors who said they saw Mr. Blackburn come into the courtroom with a rope but paid no attention to it, and the matter was not referred to by any of the jurors. The two men who made the affidavits offered by appellant, also testified and stated that what they saw and heard was said and done jokingly. The refusal of a new trial, based on the ground of any hurtful or harmful demonstration connected with said rope, was correct.

It was asserted that no evidence showed malice and that it was error to submit the law of an assault with malice aforethought. We find nothing in the authorities cited applicable to such proposition upon a case such as the one appearing in this record. If appellant deliberately pushed Mitchell off a train moving forty-five miles an hour, argument would not be necessary to demonstrate the proposition that such action would show a heart regardless of social duty and fatally bent on mischief.

The trial court sustained appellant's objection to a question propounded by the State to appellant while on the witness stand regarding what he had told the grand jury. The objection was based on the fact that at the time appellant was before the grand jury he was under arrest. The matter inquired about pertained to appellant's testimony regarding the fact that Mitchell and a man and woman were seen by him together on the vestibule of the car about the time Mitchell claims to have been pushed off. The mere asking of the question which was not answered under the facts stated, constituted no material error.

The prosecuting attorney in his argument referred to appellant as a confessed bootlegger. Objection was made to this but no instruction asking that it be not regarded by the jury, was presented. Mitchell had testified that he saw appellant on the vestibule of a car with another negro and that he went out there and took

a bottle from the hands of the said other negro, looked at it and handed it back and then told appellant that he was liable to get in the penitentiary and that this was bad business. Subsequently appellant came to Mitchell twice and wanted him to not report him to the officers or turn him in, and told him that the bottle he had discovered in said transaction was Virginia Dare. The tendency of the evidence was to show illicit handling of intoxicating liquor on the part of appellant, and his subsequent requests to Mr. Mitchell not to report him or turn him in might be construed as confessions on his part of guilt in such transaction. We think at most the statement of the prosecuting attorney was in the nature of a rather strong deduction from the testimony, but we do not deem it to bring the case within the line of authorities holding that the statement of a fact not supported by any evidence and which is of such nature as to put before the jury a fact apparently hurtful to the accused, would be reversible.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

January 17, 1923.

LATTIMORE, JUDGE.—Two reasons are urged why appellant's motion for rehearing should be granted. It is contended that reversible error arises from a question propounded to appellant by the State's attorney as to the fact that he did not tell to the grand jury a certain matter now testified to by him as a witness on this trial. The question asked is not set out in our former opinion. It was as follows: "This time you tell about this man running around Mr. Mitchell and this woman on the platform after you had called him out, you didn't tell the grand jury about that." The question was not answered. We adhere to our former holding that the mere asking of said question, objection to which was sustained, would constitute no error. Huggins v. State, 60 Texas Crim. Rep., 214; Siars v. State, 63 Texas Crim. Rep., 567; Clark v. State, 74 Texas Crim. Rep., 464, 169 S. W. Rep., 895. In addition we observe that the statement in the bill of exceptions that the objection was for the reason that appellant was in jail and unwarned, is not tantamount to a showing of such condition as a fact. Morales v. State, 36 Texas Crim. Rep., 247. Aside from the statement of his objection based on the proposition of arrest and lack of caution, there appears nothing in the bill of exceptions showing the truth of such fact or that appellant had not voluntarily appeared before the grand jury, or that he had not been warned prior to such appearance.

It is also urged that we were in error in not reversing because of the argument of the State's attorney in which he referred to appellant

as a confessed bootlegger. The bill of exceptions complaining of this argument has appended to it the following qualification:

"I approve this bill of exception with this qualification: As a motive for the defendant committing the offense charged against him the State introduced evidence showing or tending to show that the defendant had been guilty of selling intoxicating liquor in violation of either State or National prohibition law, and that the defendant was uneasy that the injured party E. L. Mitchell would report him to the officers of the law or the dining car company, and that by reason of the fact that he could not procure a promise from said injured party not to report it, that he was shoved off of the train, and in reply to argument of defendant's counsel, that no motive was shown, the State's attorney, F. M. Scott, in closing the argument used the language complained of with reference to the defendant being a bootlegger.

"Defendant's counsel asked no charge to the jury covering this alleged improper argument."

Appellant cites Davis v. State, 114 S. W. Rep., 373. In said case Judge Ramsey cites many authorities and states the following rules:

"We think, however, the true rule in respect to this matter may be thus stated: That, unless the remarks of counsel for the State are obviously of a character to impair the rights of the defendant or prejudice his case before the jury, such remarks, though improper, will not be considered for reversal, unless a charge was asked and refused and exception reserved. (Lancaster v. State, 36 Texas. Cr. Rep., 16, 35 S W., 165), and that it follows as a necessary corollary from this doctrine that where the improper argument is of such a grave character as to render it obviously injurious and hurtful, and the matter is properly preserved by bill of exception, that the fact that no special charge was asked instructing the jury to disregard same will not, of itself, deprive the appellant, in a proper case, of reversal of a judgment of conviction." Lancaster v. State, 35 S. W. Rep., 165 and Taylor v. State, 11 S. W. Rep., 462, are also cited, but while announcing general rules which are well known, no aid is furnished us by said authorities in passing upon the argument used herein inasmuch as that passed upon in each of them was so totally different and the matter appearing in each of them so obviously hurtful. In the instant case appellant was the waiter on a dining car of which Mitchell, the injured man, was steward. When said train reached Texarkana on its trip south, before the north-bound trip on which the alleged assault occurred, the following took place as appears from Mitchell's testimony:

"He ran out into the vestibule and I went out after him to see what he was doing; when I got there there was a colored fellow standing there and had a bottle in his hand. So I grabbed the bottle to see what it was and there was something in it; I didn't read the label or anything like that. I handed it back to the fellow and came back in the car.

"I handed it back to the other fellow, not Staten, same man I took it from. This happened at Texarkana on our trip down from St. Louis to San Antonio. When I got a chance I called Staten to one side and said to him 'John, I saw that package; that is bad business; you are liable to get in the penitentiary and get me in trouble and everybody else.' He said, 'I am going to ask you as a friend don't turn me in about it.' He said it was only a bottle of Virginia Dare he bought. I didn't make any promise whether I would or whether I wouldn't. This all happened at Texarkana. Yes, this talk happened there.

"The next thing that happened he came to me and asked me not to say anything to the rest of the men on the car about it, which I did not."

We are not inclined to the view that reference to appellant as a confessed bootlegger under the facts of this case, was without evidence upon which such conclusion might find some basis, nor that it was so obviously hurtful as to call for a reversal.

Appellant's motion for rehearing will be overruled.

*Overruled.*