RUDOLPH CADAN V. THE STATE.

No. 7571.   Decided May 30, 1923.

Rehearing denied November 14, 1923.

1.—Selling Intoxicating Liquor—Circumstantial Evidence—Sale.

Where, upon trial of selling intoxicating liquor, the jury were properly instructed upon the law of circumstantial evidence, and the definition of a sale under the facts, there is no reversible error.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of selling intoxicating liquor, the evidence is sufficient to support the conviction, there is no reversible error.

3.—Same—Rehearing—Practice in Trial Court.

While the district attorney was examining a witness, the sheriff brought into the courtroom a copper kettle with some kind of lead pipe attached thereto, and placed it on the floor in sight of the jury, from which it was afterwards removed upon complaint of defendant, and there appeared no

suggestion that it had any connection with the case and was not mentioned in the presence or hearing of the jury, there was no reversible error. Following Staten v. State, 93 Texas Crim. Rep., 265.

#### 4.—Same—General Reputation—Cross-Examination.

Where appellant put his reputation as a peaceable, law-abiding citizen in issue, there was no reversible error in asking one of his witnesses, on cross-examination, whether he knew anything about whether defendant was selling intoxicating liquor at his home, which the witness answered in the negative, and that he was very much astonished at it, under the facts of the instant case.

#### 5.—Same—Charge of Court—Sale—Requested Charge.

Where the main charge very fully and aptly defined the word sale, there was no error in refusing a requested charge thereon.

Appeal from the Criminal District Court of Williamson. Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wilcox & Graves* for appellant. On question of court's definition of sale, Johnson v. State, 55 S. W. Rep., 968.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The witness Price, a veterinary surgeon, in company with the witness Roundtree, riding in a Ford automobile belonging to Price, went to the home of the appellant, who lived on a farm in the country. Price got out of the car, taking with him an empty quart bottle, and went to appellant and asked him if he had anything to drink. Appellant made no reply but took the bottle and filled it with whisky. During the time that Price was there, appellant then fixed a gap in the fence and worked on the fan belt of the automobile. According to Price, nothing was said about paying for the whisky, but he (Price) laid three dollars down on the running-board of the automobile at a place where it could be seen by appellant, though he did not know whether appellant saw it there or not as he was about six feet away from the car. Appellant's little girl, about five years of age, was present and picked up the money. No remarks were made about the money by either appellant or the witness. When the witness left the premises, the little girl and her father (the appellant) were together. The witness said that appellant was putting up the gap about six feet distant from the car, otherwise he would

have handed him the money. The witness was uncertain whether the money was laid on the running-board of the car while appellant was fixing the fan belt on the car or while he was putting up the gap, after the car had passed through it. The witness said:

"We were talking about the fan belt, and when he raised up the hood is when I laid the money down there. I laid the money down there where he could see it. I laid it on the same side of the car where he was raising the hood up. . . . It was about three feet from the front fender. . . . I don't remember just exactly where the little girl was when I laid the money down. . . . All at once the little girl walked up and picked up the money."

The witness had saved the life of appellant's cow and he was grateful to him therefor. There was other testimony, but these were the salient facts.

The jury was instructed upon the law of circumstantial evidence. They were also told in a paragraph of the charge, appropriately framed, that to constitute a sale, there must be a mutual understanding or agreement between the seller and the purchaser, and that unless they believed beyond a reasonable doubt that there was such an agreement between appellant and Price, an acquittal must result.

The sufficiency of the evidence to support the verdict is challenged. The evidence furnishes no explanation or theory of the transaction other than a sale. The whisky was delivered by appellant to the alleged purchaser and a sum of money was laid down in sight of the appellant. At the time the purchaser departed with the whisky, the money which he had left in payment for it was in the hands of the infant child of appellant, and she alone was in his company.

In view of the uncontroverted and unexplained facts that the witness obtained from appellant a quart of whisky for which he expected to pay three .dollars, and that he did pay that sum down in the presence and sight of appellant, in connection with the other conduct of the parties at the time, we are not prepared to say that the jury's inference that a sale was made is without the support required in a case depending upon circumstantial evidence.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 14, 1923.

HAWKINS, JUDGE.—In his motion for rehearing appellant complains that we failed to discuss the alleged errors presented in his bills of exception one, three and five, and now insists that the matters presented there call for a reversal of the judgment.

We learn from bill of exception number one and the qualification in connection therewith that while the district attorney was examining one of the State's witnesses the sheriff of the county brought into the court room a copper kettle with some kind of lead pipe attached and placed it on the floor near the district attorney in sight of the jury. The bill fails to show how the sheriff happened to bring this apparatus into the court room. It is not shown that the district attorney in the presence of the jury requested that it be brought in. The kettle and pipe remained where it was placed by the sheriff for about five minutes when appellant raised objection to its presence, whereupon the court directed its removal, and it was moved out of the court room into a hall. The jury crossed this hall at a point about twelve feet from where the apparatus was sitting. No testimony was offered before the jury to identify or prove what the kettle and pipe were and neither were they offered in evidence. The qualification to the bill shows that neither kettle nor pipe was mentioned by any one in the presence or hearing of the jury. There appears to have been no suggestion that it had any connection with the case being tried. Staten v. State, 93 Texas Crim. Rep., 265. We have not been able to reach the conclusion that it presents a matter which calls for a reversal.

Appellant put his reputation as a peaceable law-abiding citizen in issue, and proved by several witnesses that such reputation was good. Having made such proof by the witness Schwertner, bill number three shows that upon cross-examination the State over objection was permitted to ask the witness: "Do you know anything about whether he sold intoxicating liquor at his home?" to which the witness answered "I didn't hear anything about that at all. I was very much astonished at it." The objection urged as shown by the bill was that "such reputation was not provided for by the statute nor permitted by the law to be asked and inquired into." The evidence shows that the sale under investigation was alleged to have been made at appellant's home. If the inquiry by the State was intended to elicit from the witness what knowledge, if any, he had with reference to this particular transaction upon which the prosecution was based, the inquiry was a proper one. The answer of the witness indicates that he so understood the question, otherwise the irresponsive part of the answer that he was "very much astonished at it" would be incapable of explanation. The witness doubtless was informed of the present accusation against accused and seems to have expressed his astonishment relative to it. This part of his answer was not responsive to the question, and the State should not be held responsible for it. If it was thought to be hurtful a request directing the jury to disregard it should have been made. This was not done. The contention is made, however, that

if the question was intended to test the information of the witness relative to his testimony as to accused's reputation, or as affecting the weight to be given his testimony in that respect by the jury, it was so framed as not to call for what he may have heard about accused, but called for the witness' personal knowledge about particular conduct on accused's part, which was improper. No objection was urged to the question because of its form. Although a question may be so framed as that an answer might elicit improper evidence, yet if the answer made does not so result no harm occurs. The witness answered that he had never *heard* of the matter inquired about regardless of what may have been in the mind of the interrogator; hence, we conclude that in any event the matter as presented in the bill does not present error. When the further question, as to whether witness knew anything about appellant having a still and mash, was objected to the question was withdrawn, and no answer given. In the absence of a showing to the contrary we must assume the question to have been asked in good faith, and that when the grounds of the objection were stated the attorney himself was doubtful whether it was a proper inquiry and withdrew it.

We think no error was committed in refusing the requested charge defining a "sale." The main charge very fully and aptly submitted that matter to the jury.

For the reasons stated we conclude that the motion for rehearing should be overruled.

*Overruled.*