## M. A. DANIEL v. THE STATE.

No. 7565.  Decided October 10, 1923.

Rehearing denied November 14, 1923.

**1.—Manufacturing Liquor—Recognizance.**

A mere appearance bond complying in no respects to the terms of the statute will not take place of a recognizance or bond on appeal. However, the record corrected the cause is heard upon its merits.

**2 —Same—Evidence—Bills of Exception—Conclusion of Witness.**

A mere conclusion of the witness, that defendant lived in the same neighborhood with him, and that if he had been about this still very long the witness would have missed him, is a mere conclusion and inadmissible; besides the bills of exception were defective.

3.—Same—Cross-Examination.

Where, upon cross-examination, the witness was asked if he had not frequented a still at another place, and neither the relevancy nor the vice of the bills of exceptions is discernible therefrom, the matter cannot be reviewed. Following Conger v. State, 63 Texas Crim. Rep., 327.

4.—Same—Evidence—Bills of Exception.

The question propounded to a certain witness whether he would have been back within the next two or three days, if he knew that a man was going to put a still at a certain place, and his negative reply reveals no error nor would the testimony as to the witness's personal knowledge that defendant had lost a yearling, the bill showing that he had no such personal knowledge.

5.—Same—Evidence—Declarations by Defendant.

Where defendant, on cross-examination, was asked if he had not told a certain party that if he would make some whisky, he, defendant, would furnish the still, there is no error.

6.—Same—Circumstantial Evidence—Charge of Court.

Where the court submitted the law of circumstantial evidence in his main charge, the refusal of a special charge on the same subject is without error.

7.—Same—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence sustained the conviction, there is no reversible error.

8.—Same—Rehearing—Evidence—Conclusion of Witness.

This court must adhere to its opinion that the rejected testimony of defendant's witness Norton as to missing the defendant, etc., was but a mere conclusion of the witness.

9.—Same—Cross-Examination.

It would be competent to show that defendant's witness Williams was a frequenter of places where liquor was illicitly being manufactured to show motive and bias of the witness.

10.—Same—Evidence—Declaration of Defendant.

There was no error in asking defendant, while he was on the witness stand, if he did not tell a certain person if the latter would make some whisky he, defendant, would furnish the still.

11.—Same—Sufficiency of the the Evidence.

Where the case was fully submitted upon the law of circumstantial evidence, and the jury were justified in concluding appellant a party to the manufacture of intoxicating liquor. The conviction is sustained.

Appeal from the District Court of Hood. Tried below before the Honorable J. B. Keith.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case. The record shows that a recognizance was taken.

*J. G. Grissom* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The motion of the State to dismiss the appeal must be sustained for the reason that the document denominated a recognizance is, in fact, a mere appearance bond complying in no respect with the terms of the statute prescribing the requisites of a recognizance or bond on appeal. See Code of Crim. Proc., Arts. 903 and 904; also Staten v. State, 93 Texas Crim Rep., 265, 246 S. W. Rep., 387 and cases therein collated.

The appeal is dismissed.

*Dismissed.*

MORROW, PRESIDING JUDGE.—The appeal is from a judgment condemning appellant to confinement in the penitentiary for a period of one year for the offense of unlawfully manufacturing intoxicating liquor.

A large copper still, several barrels of mash, a boiler and other equipment suitable for making whisky were found in a canyon in a rough and broken country. There was a fire burning under the boiler. The person who discovered the still informed the officers, who, on the following morning, secreted themselves nearby and finally arrested the appellant and one Nelson while present at the still. According to the testimony of the officers, Nelson was soldering the still while appellant was holding it. A jar of intoxicating liquor was found nearby. Before the arrest of the appellant and Nelson, two other persons, who were approaching the still, were put under restraint. Appellant, in his testimony, claimed that he was not interested in the still, but that he had come to it while searching for a yearling which he had been missing; that he knew Nelson and asked him for a drink of whisky, but Nelson disclaimed having any liquor. Appellant introduced the testimony of several witnesses to the effect that he lived in the neighborhood and was engaged in farming; that he claimed to have lost a yearling and had been seen in the vicinity searching for it, at least, stating that he was searching for it. He testified that he later found it; that he had been missing the animal for about three weeks.

There are some bills of exceptions making complaint of the rulings of the court touching the testimony of the witness Norton, whose testimony seems to have been received for the purpose of supporting appellant's theory that for several days prior to the date of the discovery of the still, he had seen Norton and had informed him that he was searching for a yearling. Manning, another witness, testi-

fied to the same effect. In excluding such of the testimony of Norton as the court rejected, we think he was not in error; at least, the bill fails to show error. It seems that after testifying that he saw appellant in the neighborhood and appellant had declared that he was searching for a yearling, appellant sought to show by the witness that he (appellant) lived in the same neighborhood and that if he had been about the still very long, the witness would have missed him. This apparently was a mere conclusion. The bills in the case are very meagre, particularly in informing the court of the settings in which the transactions occurred.

Appellant introduced in evidence the witness Williams who was arrested while approaching the still. Williams declared that he saw the appellant doing nothing in connection with the soldering of the still. On cross-examination, Williams was asked if he had not frequented a still at another place. Neither the relevancy nor the vice is discernible from the bill. See Conger v. State, 63 Texas Crim. Rep., 327, and cases therein cited, touching the requisites of a bill of exceptions to the admission or exclusion of evidence in the explanation of the bill.

The question propounded to Williams, namely, whether he would have been back within the next two or three days if he knew that a man was going to put a still at a certain place, and his negative reply, reveals no error. The same is true with reference to the bill complaining of the failure to permit the witness Manning to testify to his personal knowledge that appellant had lost a yearling. The bill, as qualified, reveals that the witness had no personal knowledge of the lost yearling.

Appellant, on cross-examination, was asked if he had not told one Robinson that if he would make some whisky he (appellant) would furnish the still. We fail to discern any error in the bill.

The law of circumstantial evidence was given in the charge to the jury. The bill complaining of the refusal of the special charge on the subject is without merit.

A complete recital of the evidence has not been attempted. However, it is deemed sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 14, 1923.

LATTIMORE, JUDGE.—Appellant earnestly urges that we were wrong in our opinion wherein we said that the rejected testimony of the witness Norton was apparently but a mere conclusion. The witness Norton lived in the vicinity of the appellant and it was a

defensive theory evidently that if appellant had been very much engaged at the still where he was arrested and upon which it was asserted by the State he had been engaged in the manufacture of liquor, that Norton would have missed him. The very statement of the proposition that one undertook to say that if his neighbor had been engaged in anything that took him away from home long enoug hto engage in the manufacture of liquor, he would have missed him, makes apparent the soundness of the conclusion announced in the original opinion. He might have missed him or he might not. It might have taken some time to make short trips down to the still or it might not. Such testimony would clearly be a conclusion.

Nor are we able to agree with appellant that the cross-examination of his witness Williams was not legitimate. Williams was stopped early on Sunday morning as he was approaching the still in question and on this trial his testimony appears in conflict not only with that of the officers but also in some material matters with that of appellant himself. We would not think it incompetent to show that this witness was a frequenter of places where liquor was illicitly being manufactured. Such testimony would shed light on the motive, the interest and the bias of the witness.

We regret our inability to agree with appellant in his insistence that he should not have been asked if he did not tell Harve Robinson that if he would make some whisky he, appellant, would furnish the still. Admissions and statements on the part of appellant indicating his approval of or willingness to engage in the illicit manufacture of liquor would certainly be admissible in a case of circumstantial evidence wherein he was charged with such manufacture. We think the evidence sufficient to justify the conviction. The still was found by parties who were evidently hunting at night and who made a report of the same to the officers, who began watching the place early the following morning. A man named Nelson was seen to approach the still, and upon reaching it there was a keen whistle, following which another man was heard to ride up on horseback, get down and come to where the still was located. When examined a short time before, the still had been in operation, but when the officers went up to it on the occasion of the arrest of appellant, Nelson was engaged in soldering a portion of the still and appellant was holding it while Nelson worked on it. The hands of both were black and dirty, apparently resulting from contact with the soot and parts they were engaged in working upon. The case was fully submitted upon the law of circumstantial evidence, and in our opinion the jury were justified in concluding appellant a party to the manufacture of intoxicating liquor.

The motion for rehearing will be overruled.

*Overruled.*