### OTTO COX V. THE STATE.

No. 11801.     Delivered April 11, 1928.

**Assault to Rob—Recognizance—Insufficient—Appeal Dismissed.**

Where a recognizance, on appeal, recites that appellant "stands charged" with an offense, and omits a recital that he had been "convicted," same is insufficient to confer jurisdiction on this court, and the appeal is dismissed. See Art. 817, C. C. P.; Sanders v. State, 201 S. W. 411, and other cases cited.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for an assault with intent to commit robbery, penalty three years in the penitentiary.

The opinion states the case.

A. A. Dawson of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to commit robbery, punishment three years in the penitentiary.

The record before us contains neither statement of facts nor bills of exception, hence nothing is presented for review. However, we find ourselves without authority to enter any order save dismissing the appeal because of a defective recognizance which confers no jurisdiction on this court. The recognizance merely recites that appellant "stands charged" with an offense and omits a recital that he has been "convicted." (Art. 817, C. C. P.; Sanders v. State, 201 S. W. 411; Thompson v. State, 243 S. W. 848; Bethune v. State, 95 Tex. Crim. Rep. 508, 254 S. W. 798; Daniels v. State, 95 Tex. Crim. Rep. 649, 255 S. W. 444; Wilmering v. State, 100 Tex. Crim. Rep. 169, 272 S. W. 463; Lynch v. State, 102 Tex. Crim. Rep. 638, 279 S. W. 271.) The state's motion to dismiss the appeal for the defect in the recognizance must prevail.

The appeal is dismissed.

*Dismissed.*