### COX v. STATE. (No. 11801.)

Court of Criminal Appeals of Texas. April 11, 1928.

**1. Criminal law ⬧1090(1)—Nothing is presented for review, where record contains neither statement of facts nor bills of exception.**

Where record on appeal contains neither statement of facts nor bills of exception, nothing is presented for review.

**2. Bail ⬧66—Failure of recognizance to recite that defendant had been convicted held to require dismissal of appeal (Code Cr. Proc. 1925, art. 817).**

Reviewing court *held* without jurisdiction of appeal, under Code Cr. Proc. 1925, art. 817, where recognizance merely recited that defendant "stands charged" with offense and omitted recital that he had been convicted.

Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge.

Otto Cox was convicted of assault with intent to commit robbery, and he appeals. Appeal dismissed.

Ed B. Freeman, of Dallas, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for assault with intent to commit robbery; punishment, three years in the penitentiary.

[1, 2] The record before us contains neither statement of facts nor bills of exception, hence nothing is presented for review. However, we find ourselves without authority to enter any order save dismissing the appeal because of a defective recognizance which confers no jurisdiction on this court. The recognizance merely recites that appellant "stands charged" with an offense and omits a recital that he has been "convicted." Article 817, C. C. P.; Sanders v. State, 83 Tex. Cr. R. 110, 201 S. W. 411; Thompson v. State, 90 Tex. Cr. R. 222, 234 S. W. 400, 243 S. W. 848; Bethune v. State, 95 Tex. Cr. R. 508, 254 S. W. 798; Daniel v. State, 95 Tex. Cr. R. 649, 255 S. W. 444; Wilmering v. State, 100 Tex. Cr. R. 169, 272 S. W. 463; Lynch v. State, 102 Tex. Cr. R. 638, 279 S. W. 271. The state's motion to dismiss the appeal for the defect in the recognizance must prevail.

The appeal is dismissed.