## Bob Bethune v. The State.

### No. 7692.    Decided May 2, 1923.

#### Rehearing denied October —, 1923.

**1.—Selling Intoxicating Liquor—Recognizance.**

Where the recognizance did not show that appellant had been convicted, but simply stated that defendant was charged, etc., same was insufficient. However, the recognizance having been perfected, the appeal is reinstated.

**2.—Same—Evidence—Bills of Exceptions.**

Where the bill of exceptions did not disclose any of the surrounding facts, it cannot be reviewed; and where it was not deemed relevant that the State showed appellant's relations with another party in reference to his alibi, there was no error.

**3.—Same—Motion for a New Trial—Newly Discovered Evidence.**

Where the alleged testimony did not bring itself within the rule requiring a new trial because of newly discovered evidence, and besides showed a want of diligence and that at best the testimony would only be cumulative, there was no error in overruling same.

Appeal from the District Court of Potter. Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. W. Culwell* for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The State objects to the consideration of the case on its merits for the reason that the purported recognizance is not sufficient to give this court jurisdiction. The recognizance found in the record seems to have followed the statute relating to recognizance preliminary to trial. On appeal the recognizance should show that the appellant has been *convicted*. The one before us states that he was *charged* with an offense but makes no mention of the *conviction*. The form and substance of a recognizance are statutory and are set out in Articles 902 and 903 of the Code of Crim. Procedure. The State's motion to dismiss must therefore be sustained.

The appeal is dismissed.

*Dismissed.*

MORROW, PRESIDING JUDGE.—The recognizance having been perfected, the appeal is reinstated.

Appellant was charged by indictment with the unlawful sale of intoxicating liquor to Steve Babuick and Bert Clark. The punishment assessed against him is the confinement in the penitentiary for one year.

Babuick testified that he, in company with Clark and the appellant, discussed obtaining some whisky; that under an agreement with appellant, the party drove to a certain place in the road, where appellant said the whisky desired would be brought to them in a Ford car. Some time after the point was reached, the headlights of an approaching car were discovered, and appellant got out in front of the lights of the car in which they were waiting so that the lights would show his presence. The approaching car stopped. Appellant went to it and obtained some liquid which was at the time described as Mexican alcohol. He delivered it to Babuick and Clark and received from them ten dollars.

Clark testified and described the transaction substantially as did Babuick, save that he said appellant was not with the party at all, but that it was composed of Babuick, Clark and Page, and that the person from whom the liquor was obtained was not known.

According to appellant's testimony, he was not with the party mentioned and was not connected with the transaction. He was at Canyon and went to the rodeo in company with Rice and Jackson. He was not acquainted with Babuick or Clark. Later he saw Bab-

uick while attending court at Canyon. Babuick at the time was in company with the sheriff. Rice and some others were also present. On cross-examination, appellant was asked if at the time he saw Babuick and the sheriff at Canyon he was not a witness for Jackson in a bootlegger case. The bill of exceptions complaining of this question and appellant's affirmative answer does not disclose any of the surrounding facts. The above statement of them is from the statement of facts.

In another bill complaint is made of an inquiry of appellant which led to the statement that Jackson was "probably in jail at Tucumcari." Appellant, having by his own testimony introduced Jackson as the person in whose company he was during the ·time the alleged offense was committed and with whom he associated during the day and night of the alleged offense, it is not deemed irrelevant that the State show appellant's relations with Jackson to show the reason why the State did not call him to disprove appellant's alibi.

Attached to the motion for new trial is the affidavit of William Page to the effect that on the night of July 3rd, he, in company ·with the witness Clark, went from Canyon. in an automobile, and that some unknown person, riding in a Ford car, obtained some liquor for them; that Babuick was not there. The date of the offense was July 3rd; that of the indictment, September 30th and of the trial, November 13th. Page and Babuick were both railway section foremen at Canyon. According to the motion, appellant had employed an ·attorney to represent him at some date not named. The attorney died at a time not disclosed, but appellant having been absent, did not learn of it until October 25th. Clark's testimony is quite favorable to appellant. He and Page were friends and both were available to appellant and his attorney. On the trial counsel appeared for appellant. When he was engaged is not shown, nor is it shown what information he had concerning the alleged facts known by Page. Clark was appellant's witness, and no sufficient reason is given for the failure to ascertain from him in advance all he knew about the occurrences in question. The motion does not disclose such diligence as would bring the purported testimony of Page within the rule requiring a new trial because of newly discovered evidence. This is true for the additional reason that the testimony of Page would be cumulative of that of Clark.

The record revealing no error, the judgment is affirmed.

*Affirmed.*

[Rehearing denied October 1923. Reporter.]