FRANK ANDERSON v. THE STATE.

No. 8979.   Delivered April 29, 1925.

Reinstated and Delivered May 27, 1925.

Rehearing Denied October 14, 1925.

1 —Aggravated Assault—Recognizance—When Defective—Appeal Dismissed.

Where a recognizance fails to state the offense for which appellant was convicted, and also fails to show in what court he was convicted, the appeal must be dismissed. Art. 903 C. C. P. Hughes v. State, 62 Tex. Crim. Rep. 288. Block v. State, 151 S. W., 1053.

2.—Same—Recognizance—Defects Cured—Appeal Reinstated.

Where an appeal has been dismissed on account of a defective recognizance, and the defects are cured within the proper time, the cause will be reinstated, and decided on its merits, as is now ordered in this cause.

3.—Same—Evidence—Properly Excluded.

On a trial for an assault to rape, which resulted in a conviction of an aggravated assault, the court did not err in refusing to permit appellant to ask the prosecutrix on cross-examination "Now, John Raines McCracken tried to get the little Wells girl to sit in his lap, didn't he?" where the bill of exception does not disclose what the answer to such question would have been. Unless the court knows what the answer would have been, we are not able to say that its exclusion was in any way harmful to appellant.

**4.—Same—Bill of Exception—When—Incomplete—No Error Presented.**

Where objection is made to a question propounded a witness, by the State and the bill complaining of the matter does not disclose what answer witness made to the question, nothing is presented to this court for review.

**5.—Same—Bill of Exception—Presents Nothing—Without Court's Approval.**

Where complaint is made of a proceeding upon the trial, and the bill of exception bringing the matter forward for review is not signed nor approved by the trial court, it cannot be considered.

**6.—Same—Charge of Court—Error—Cured by Verdict.**

Where on a trial for an assault to rape, the jury returns a verdict of guilty of an aggravated assault, objections made to the court's charge in presenting the law of assault to rape, are eliminated from the case by the verdict.

ON REHEARING.

**7.—Same—Argument of Counsel—Held, Not Improper.**

Where the state's attorney in his argument, urges the jury to discredit the testimony of a witness, who had been impeached for truth and veracity, and whose bad reputation for virtue and chastity had also been proven, such argument was not improper.

Appeal from the District Court of Palo Pinto county. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of an aggravated assault; penalty, a fine of $100.00 and ninety days in the county jail.

The opinion states the case.

*Jno. W. Moyers,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Palo Pinto county for the offense of aggravated assault and his punishment assessed at a fine of $100.00 and ninety days in jail.

The State has filed a motion to dismiss this appeal because of an insufficient recognizance, in that the recognizance does not state that the appellant was convicted, and further because it does not state of what offense he was convicted.

An examination of the recognizance shows that the same fails to state the offense for which appellant was convicted and fails to show in what court he was convicted. Under these conditions, the State's motion must be sustained. Art. 903, Code of Criminal Procedure; Hughes v. State, 62 Tex. C. R. 288; Block v. State, 151 S. W. 1053.

Appellant will be allowed 15 days from this date in which to file a correct recognizance in this case, otherwise this judgment will become final.

Because the recognizance is wholly insufficient, it is the opinion of this court that the appeal should be dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

BERRY, JUDGE.—Appellant was convicted in the district court of Palo Pinto county for the offense of an aggravated assault, and his punishment assessed at a fine of one hundred dollars and confinement in the county jail for ninety days.

This case was dismissed at a former day of this term because of a defective recognizance, but this 'defect has now been cured and the case is properly before us on its merits.

The indictment under which appellant was tried charged him with an assault with intent to commit Rape on Vera Welch, a female under the age of eighteen years. The testimony of prosecutrix is wholly sufficient to justify the verdict of the jury in this case.

There are but three bills of exception in the record, and we have carefully examined each of them and have failed to find anything in either of them that would warrant a reversal of the case. Bill of exception No. 1 complains of the action of the court in refusing to permit the appellant on cross-examination of Vera Welch to ask her the following question: "now John Raines McCracken tried to get the little Wells girl to sit in his lap, didn't he?" This bill of exception fails to show what answer the witness would have made to the question. This is always an essential requirement of a bill of exception, in order to enable this court to determine its merits. Unless this court knows what the answer would have been we are not in a position to say that the exclusion of the answer was in any wise harmful to the appellant.

By bill of exception No. 2, complaint is made that the district attorney asked the witness Holmes what the general reputation of Jessie Welch was for truth and veracity and virtue and chastity. This bill also fails to show what the answer to said question was and what we have said with reference to bill No. 1 disposes of this bill against appellant's contention.

Bill of exceptions No. 3 complains of the action of the court in permitting the district attorney in his argument to discuss the witness Jesse Welch's reputation for virtue and chastity. It is sufficient to say that bill of exception No. 3, is nowhere signed or approved by the trial court, and in this condition it cannot be considered.

The court's action in refusing the requested instruction asked by the appellant shows no error in view of the fact that appellant was only convicted for an aggrivated assault. This instruction pertains

to the instruction of assault with intent to rape and by the jury's verdict this issue was eliminated from the case.

There being no error in the record, it is our opinion that the judgment of the trial court should be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—The only complaint made by the appellant in his motion is that we do not consider bill of exceptions No. 3. As this bill appeared in the transcript, it was not approved by the trial judge. Accompanying his motion, appellant presents satisfactory evidence that the bill was approved. Considering the bill, we observe that its complaint is that the district attorney in his closing address to the jury urged them not to believe a named defense witness because she had been impeached for truth and veracity, and that her bad reputation for virtue and chastity had also been proved; it being contended that said attorney had no right to ask the jury to reject the testimony of the witness ·because of the added fact that her bad reputation for virtue and chastity had been shown. We regret that we cannot agree with appellant's counsel in this regard. If the attorney for either party to a law suit be of opinion that a witness is not worthy of credit because of bias, interest, present or past occupation, or associates, or for any other reason, and he sees fit to argue such facts to the jury, we know of no ground on which such argument should be held by this court to be wrongful, or cause for the reversal of the case. We would not think a jury beyond its province in giving less credence to one whose virtue and chastity were proven bad, than to one whose reputation in this regard was not attacked. Common experience would lead one, whether on a jury or not, to the conclusion that a woman who would part with her virtue, and become notorious in that regard, would not be as apt to tell the truth as a woman of spotless character. It necessarily follows that we are of opinion that the bill when considered shows no error.

The motion for rehearing will be overruled.

*Overruled.*