### MANUEL LYNCH V. THE STATE.

No. 9198.   Delivered June 10, 1925.

Reinstated, Delivered Jan. 6, 1926.

**1.—Assault to Rape—Recognizance—Insufficient—Appeal Dismissed.**

The recognizance appearing in the record is fatally defective, being in the form of an ordinary appearance bond. For lack of a proper recognizance the appeal must be dismissed. Our statute Art. 904 and 905 Vernon's C. C. P. provides the form of a recognizance, and if same be not made during term time, for the giving of an appeal bond conditioned as therein provided.

**2.—Same—Recognizance Corrected—Appeal Reinstated.**

The recognizance having been corrected within the proper time, this appeal is now reinstated and will be considered upon its merits.

**3.—Same—Evidence Insufficient—Rule, Stated.**

Where on a trial for an assault with intent to rape, there is an utter lack of testimony to show an intent to rape, by force, nor of an intent to rape by acquiescence of one under the age of consent, a conviction cannot stand. The evidence must demonstrate that "under the circumstances of the particular case, there was a present intent to at once subject her to his will, she consenting or not, or that he may then, at the very time have carnal intercourse with her." Failing to measure up to this rule, the cause must be reversed. See leading case Cromeans v. State, 59 Tex. Crim. Rep. 672, and other cases cited in this opinion.

Appeal from the District Court of Camp County. Tried below before the Hon. R. T. Wilkerson, Judge.

Appeal from a conviction of an assault to rape, penalty three years in the penitentiary.

The opinion states the case.

*C. E. Florence,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Camp County of assault with intent to rape, and his punishment fixed at three years in the penitentiary.

The recognizance for the appeal appearing in this record is fatally defective, and is in form for an ordinary appearance bond. For lack of proper recognizance the appeal must be dismissed. Our statute, Arts. 904 and 905 of Vernon's C. C. P. provides the form for a recognizance, and if same be not made during term time, for the giving of an appeal bond conditioned as therein provided.

The appeal will be dismissed for lack of statutory recognizance.

MORROW, PRESIDING JUDGE.—Upon correction of the record, the appeal is reinstated.

The subject of the alleged assault was Christine Ayers, a girl about nine years of age. As we understand the evidence, the little girl's father was plowing in a field consisting of about fifteen acres. The prosecutrix and her little brother were walking in company with each other when, according to the little girl, appellant asked her where she was going, and was told that she was going to the field where her father was working. Appellant caught her by the arm, laid her down, put his hand over her mouth and told her to hush. He threw her down twice, and the second time he got down on the ground over her. After he got up, she and her brother went on to the field. She said that appellant did nothing to her clothes; that she saw him do nothing to his own clothes in the way of unbuttoning his pants. He was down over her but a short time; that he did not get down over her the first time, but it was on that occasion that he told her to hush. He told her that he was just playing with her. It appears that he got up of his own accord and went his way, and that she and her brother went into the field where

their father was at work. She did not tell her father that anything had happened, but according to the testimony of the father of the prosecutrix, his children came running to him in the field and seemed somewhat excited. They did not relate anything of the incident to him. According to this witness, the place where the alleged assault occured was about 250 yards distant from him, near the highway. An examination of the girl showed no disturbance of any of her parts, nor disarrangement of her clothes. No injury was inflicted upon the child. It seems that in the evening the little boy made some reference to the incident at his home, and the questioning of the girl resulted in her relating the incident to the members of the family.

Upon his direct examination the little boy gave testimony from which we quote:

"That fellow threw my sister down two times. It was out in some weeds beside the fence where he threw her down. He just threw (her) down and run off and left her. She got up and was coming on down the road and he caught her again. He went on up the road then. I don't know how far he went up the road. Me and my sister went along inside of the cotton patch and he was in the road. Yes, sir, me and my sister run. Me and my sister got in the cotton field and he was running down the road outside. I don't know, he just went a little piece down the road."

A further relation of the evidence is not deemed necessary. It is not believed that the evidence fills the measure demanded by the law as a requisite to establish the offense of assault with intent to rape. The lack of testimony to show an intent to commit rape *by force* seems so apparent as to leave no room for debate. It is believed that proof of an intent to commit rape by the acquiescence of one under the age of consent is likewise inadequate. It fails to demonstrate that "under the circumstances of the particular case there was a present intent to at once so subject her to his will, she consenting or not, as that he may at the very time have carnal intercourse with her." The language quoted is that of the leading case, Cromeans v. State, 59 Tex. Crim. Rep. 672, wherein upon facts not more cogent than those in the present instance, the proof was held insufficient to sustain a conviction for the offense named. In many subsequent cases, the principles there announced have frequently been given effect. In our opinion, applying them to

the present record, the learned trial judge was in error in refusing to grant a new trial. If the verdict was for an assault of lower grade, a different rule might apply. Among the cases that may be mentioned are Thompson v. State, 200 S. W. Rep. 169; Blackstock v. State, 91 Tex. Crim. Rep. 106; Stoker v. State, 93 Tex. Crim. Rep. 24; Huebsch v. State, 94 Tex. Crim. Rep. 461. Reference to others will be found in the opinion mentioned.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*