DEWEY SMART v. THE STATE.

No. 13600.   Delivered June 25, 1930.
Reinstated October 29, 1930.
Reported in 32 S. W. (2d) 197.

The opinion states the case.

*D. E. O'Fiel* of Beaumont, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft, a felony; the punishment, confinement in the penitentiary for two years.

The caption fails to show the date of the adjournment of the trial court. Under the decisions of this court the appeal must be dismissed. Cousineau v. State, 10 S. W. (2d) 98.

The recognizance for the appeal is fatally defective. It is in the form of an ordinary appearance bond. It fails to state that

appellant was convicted of a felony, and nowhere therein is appellant bound to abide the "Judgment of the Court of Criminal Appeals of the State of Texas." Art. 817, C. C. P.; Lynch v. State, 279 S. W. 271. Appellant being enlarged on a fatally defective recognizance, this court is without jurisdiction. Read v. State, 4 S. W. (2d) 547.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

A Buick automobile belonging to F. C. Barnhill was taken from the Methodist Church in the town of Silsbee without the owner's consent. The car was found on the same night approximately two miles from town on a road leading into the main highway between Silsbee and Spurger. The car was headed in the direction of this highway. Several witnesses testified to having seen appellant and another man in the car. Appellant testified that he was walking along a street in the town of Silsbee when one Richardson came by in the automobile and asked him to ride with him to Henry Frazier's place, which was two or three miles from town. He said he got in the car and went with Richardson to Frazier's place, where he talked to Frazier for a while. He testified further that they started from Frazier's place back to town but the car bogged down before they got into the main highway. They endeavored to pull the car out of the mud but were unsuccessful. Several witnesses for the state testified that appellant told them at the time they were trying to get the car out of the mud that it did not belong to him. Others testified that appellant said that the car was "a hot car." Appellant denied that he knew that Richardson had stolen the car. Frazier testified that appellant came to his house with another man in the automobile and talked to him about going fishing. Richardson denied that he was with appellant in the automobile, and declared that he had nothing to do with taking the automobile from the Methodist Church in Silsbee.

Appellant objected to the charge of the court on the ground that the issue as to whether the taking of the automobile in question

was for a mere temporary use should have been submitted to the jury. It is true that appellant disclaimed the taking or the possession of the car in any particular, and declared that he was merely riding in the car as the guest of Richardson. If the taker, whoever he may have been, took the car with no intent to appropriate it to his own use, but for the purpose of driving it and returning it to the owner, the offense of theft was not committed. Carroll v. State, 25 S. W. (2d) 345. After the car had been driven from the church a distance of something more than two miles to Frazier's house, the driver had started back to the main highway leading from Silsbee to Spurger when the car bogged down in the mud. According to appellant's testimony, he and Richardson had started back to the very town from which the car had been taken. Taken in its entirety, we think the evidence presented an issue as to the intent with which the car was taken. Hence the opinion is expressed that the court should have submitted to the jury the issue as to whether the taking was for mere temporary use.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.