The judgment is reversed, and the cause remanded.

**PER CURIAM.**

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### GRIFFIN v. STATE.
No. 15147.

Court of Criminal Appeals of Texas.
April 13, 1932.

Appeal Reinstated May 4, 1932.

Rehearing Denied June 24, 1932.

Joe H. Seale, of Centerville, and M. L. Bennett, of Normangee, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

## CHRISTIAN, J.

The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

The recognizance for the appeal is fatally defective. It is in the form of an ordinary appearance bond. It fails to state that appellant was convicted of a felony; and nowhere therein is appellant bound to abide the "judgment of the Court of Criminal Appeals of the State of Texas." Article 817, C. C. P.; Smart v. State, 116 Tex. Cr. R. 639, 32 S.W. (2d) 197; Lynch v. State, 102 Tex. Cr. R. 638, 279 S. W. 271. Appellant being enlarged on a fatally defective recognizance, this court is without jurisdiction. Smart v. State, supra; Read v. State, 109 Tex. Cr. R. 314, 4 S.W.(2d) 547.

Appellant is granted fifteen days from this date in which to perfect his appeal.

The appeal is dismissed.

## PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion to Reinstate Appeal.

## LATTIMORE, J.

Appellant having filed a new and valid appeal bond, a certified copy of which accompanies his motion to reinstate, the motion is granted and we now consider the case on its merits.

Condensing the testimony of the state, same showed that about 3 o'clock a. m. on August 16, 1931, officers, who had been informed by a man named King that he had bought whisky from appellant that night, went to a point near appellant's house and secreted themselves in some woods. In a few minutes another officer, accompanied by King, drove up in front of appellant's house. This officer got out of the car and hid himself. King honked the horn of his car and presently appellant came out to the car. He then went back into the house and at once came out with a lantern and proceeded with same down into the woods near where the two officers first mentioned were secreted. When within a few feet of them he set his lantern down and went into the brush some ten feet, reached under a bush, picked up a half-gallon container of whisky, and returned to the lantern. Here he observed the tracks made by the officers and started toward them. They jumped up, and one of them fired off a pistol and called out, "Stick 'em up." One of the officers testified that, "Bob jumped back screaming, with the lantern and whisky, and yelled like a wild man." They arrested appellant. He asked permission to go into his house and change his clothes, which was granted him, and one of the officers went to the door and stood there and the other officer went in the house with appellant. While in same he observed a lot of five-gallon glass jars, two ten-gallon kegs, a number of pint bottles, stoppers, a siphon, and tubes. The record indicates that when the shot was fired King took "leg bail," and had not been seen since.

Appellant was his own only witness and testified that when he went to the car, after hearing the horn honk, he found a man out there who told him that he was sick and wanted to get some whisky. He said he told the man he had none, but would go in the house and see if he could find any one in there who had any. He said he went in the house and asked his nephew Will Griffin if he had any whisky, and that Will told him he had some hid out there in the woods, and described the place where it was. Appellant said he took a lantern and went out there and found the whisky, and picked it up and started back, and observed the tracks in the road and started to investigate them and was arrested. He said the whisky was not his, and that he did not have it for sale. As far as we are able to judge, all of the theories raised by the defensive testimony are fully covered by the charge of the court.

Appellant's first bill of exception does not appear to have been approved by the trial judge and cannot be considered, but if before us properly, the special charge asked and refused, complaint of which appears, does not present a correct legal proposition.

Bill of exception No. 2 complains of the refusal of the court to grant appellant's application for continuance based on the absence of another nephew of appellant's by the name of Nash. There is a complete failure to show diligence, or the likelihood of obtaining the presence of said witness by reason of a continuance or postponement of the case. It is stated in the application that the witness was temporarily out of Leon county, and that appellant does not know whether he is in the state of Texas or out of it, and that he could not locate the witness after diligent inquiry. The things stated as expected in testimony

from said witness appear to be mere-conclusions, and some of them are clearly hearsay. No affidavit of said witness is attached to the motion for new trial.

Complaint is made of the overruling of appellant's motion for new trial sought on the ground of newly discovered testimony. The matter is in somewhat odd shape. The newly discovered witness appears to be the man King, who was with the officer, and honked his horn when appellant came out of the house. It is set up in the motion for new trial that appellant did not know who this party was until during the trial when he learned that his name was King. The state controverted appellant's motion in this regard and accompanied same by the affidavits of a number of people. The matter would consume time and space and be of no value if we undertook to set out the contents of the affidavits. We think the trial court entirely within his discretion in overruling the motion.

■ We find no ground for sustaining appellant's complaint at the testimony of the officers as to what was in his house. One of the officers accompanied appellant in the house when the latter asked, after being arrested, that he be permitted to go in the house and change his clothes. It was the duty of the officers having appellant under arrest for a felony, to keep him in their custody until placed in jail or released on bond. They could not well discharge this duty and permit him to go into the house unaccompanied. The other officer stood at the door and saw substantially what was testified to by the officer who went in. We think there is no error in the admission of this testimony.

Finding no error in the record, the judgment will be affirmed.

On Motion for Rehearing.

HAWKINS, J.

■ On the point of newly discovered evidence we observe that "where it clearly appears that the newly discovered testimony was not probably true, either by reason of the facts proven at the trial, or by the controverting affidavits on the motion, or otherwise, a new trial sought on that ground is properly denied." Branch's Ann. Tex. P. C. § 200, and cases there cited, among them being Cole v. State, 16 Tex. App. 461. See, also, McDowell v. State, 96 Tex. Cr. R. 512, 258 S. W. 186.

We think that in applying the foregoing principle the learned trial judge would have been guilty of no abuse of discretion in predicating his action in overruling the motion for new trial on the proposition that both from the facts proven on the trial and the controverting affidavits on the motion, the alleged newly discovered evidence was not probably true.

We see no necessity of discussing the other questions presented in the motion for rehearing.

The motion for rehearing is overruled.