WALENTIN KOVERO v. HUDSON INSURANCE COMPANY OF NEW YORK.[1]

June 1, 1934.

No. 29,916.

1 Reported in 255 N. W. 93.

*O. J. Larson* and *Henry Paull*, for appellant.
*George H. Spear*, for respondent.

I. M. OLSEN, Justice.

Plaintiff appeals from an order and decision of the district court of St. Louis county affirming a judgment in favor of the defendant entered in the municipal court of the city of Duluth.

Plaintiff was the owner of a Dodge five-passenger automobile, which was insured by the defendant against loss or damage by theft, robbery, or pilferage. The car was kept by plaintiff in a rented space in a public garage at Duluth. Plaintiff's claim is that the car was stolen from this garage in the night of August 22-23, 1931, and was driven away and wrecked by some person or persons unknown. Defendant by its answer denies that the car was taken or stolen from the garage where it was kept. The case was tried in the municipal court and a verdict returned in defendant's favor. After denial of plaintiff's motion for a new trial judgment for the defendant was entered in that court. Appeal was then taken from that judgment to the district court, was there heard, and the judgment of the municipal court affirmed.

The sufficiency of the evidence to sustain the verdict of the jury is challenged. The evidence is to be viewed here in the light most favorable to the defendant, the party in whose favor the verdict was returned. The jury could draw such reasonable inferences as

they found were sustained by a fair preponderance of the evidence. The public garage where the car was kept was, at the time in question, in charge of a nightman or attendant by the name of Hauglid, so that persons desiring to bring their cars into the garage or to take their cars out therefrom, in the nighttime, could be accommodated and served in so doing. Hauglid was not produced as a witness. Plaintiff's son testified that he had made some inquiry or search for Hauglid and had failed to find him. As far as appears, no subpoena had been served on Hauglid. He did not continue to work in the garage after August 23. The inference from the testimony of the garage owner is that Hauglid was discharged on that day. No one other than Hauglid was in attendance at the garage at the time the car is claimed to have been stolen. There is evidence that justified the jury in finding that the attendant, Hauglid, took this car out of the garage, accompanied by two other men; that they were going out to get lunch and to take a drive for some purpose, and then to return the car to the garage. There is the evidence of the policeman on the beat that he came by the garage about 3:30 o'clock that morning; that he saw a sedan or touring car, apparently being serviced with gas, just inside the doors of the garage and headed towards the street, with the attendant and two other men there; that he stopped in the doorway and spoke to Hauglid, whom he knew, and was informed by him that the men were taking the car out and he was going with them for some lunch. About an hour later Hauglid appeared at the police station in New Duluth, a small place some miles southwest from Duluth on the Wisconsin side of the St. Louis river, and told the attendant he had been kidnaped by two men in a car, and that they had wrecked the car at the bridge towards Duluth. He then took the officer to the wrecked car, which was located on the Duluth side of the river and headed towards Duluth.

The jury, in the circumstances shown by the record, was justified in disregarding the statements made by Hauglid to the New Duluth officer and in finding that the car was taken out by Hauglid and the two other men for a short ride of some kind, without intent to

steal it or permanently to deprive the owner of the car. We do not attempt to set forth all the evidence.

■ It appears to be the general rule that under a policy insuring against theft there can be no recovery unless it is shown that the wrongdoer, at the time of the taking, had the criminal intent to steal, that is, permanently to deprive the owner of his property. The taking of the car for a joy ride, with intent to return it in a brief time, is not a sufficient showing of a theft thereof. Repp v. American Farmers Mut. Auto. Ins. Co. 179 Minn. 167, 228 N. W. 605; Miller v. Phoenix Assur. Co. 221 Ill. App. 75; Hartford F. Ins. Co. v. Wimbish, 12 Ga. App. 712, 78 S. E. 265; Michigan Commercial Ins. Co. v. Wills, 57 Ind. App. 256, 106 N. E. 725; Phoenix Assur. Co. v. Eppstein, 73 Fla. 991, 75 So. 537, L. R. A. 1917F, 540; Valley Merc. Co. v. St. Paul F. & M. Ins. Co. 49 Mont. 430, 143 P. 559, L. R. A. 1915E, 327, Ann. Cas. 1916A, 1126; Van Vechten v. American Eagle F. Ins. Co. 206 App. Div. 39, 200 N. Y. S. 514.

A wrongful taking and retention, nothing more being shown, may require a finding of intent to steal. The cases cited by plaintiff go only to that extent. Such is not this case.

■ Plaintiff assigns as error the refusal of the municipal court to give three separate requests to charge. These claimed errors were presented to and argued before the district court on appeal. We agree with the district court, four judges thereof sitting as an appellate court, that there was no error in refusing to give these requests.

Error is assigned on the ground that the court failed to check counsel for defendant in his argument to the jury "upon objection being made by the counsel for the plaintiff." Plaintiff's counsel did take exception to certain parts of the argument by defendant's attorney. He did at one place say: "That is objected to as not in the evidence." The court said: "It is just arguing from certain facts." The court was not asked at any time to check counsel or to take any action in the matter. If there was any error it would seem to be in the nature of misconduct of counsel, and no claim of misconduct is made. We have examined the parts of the argu-

14

ment excepted to and find no error of the court nor any misconduct of counsel.

The order and decision appealed from is affirmed.

*DEVANEY, Chief Justice,* took no part.