THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE SEAMAN, Appellant.— Appeal by defendant from a judgment of the former Court of Special Sessions of the City of New York, Borough of Brooklyn, rendered January 9, 1962 after a trial, convicting him of unlawful entry, and imposing sentence. Judgment reversed on the law and the facts, and information dismissed. In our opinion, the evidence is insufficient to warrant a finding of guilt beyond a reasonable doubt that defendant entered the church premises in question with intent to commit a crime. A mere entry, without intent to commit a crime, does not constitute "unlawful entry" under the statute (Penal Law, § 405; cf. *People* v. *Weiss,* 290 N. Y. 160; *People* v. *Taddio,* 292 N. Y. 488). Brennan, Hill and Rabin, JJ., concur; Beldock, P. J. and Kleinfeld, J., dissent and vote to affirm the judgment, with the following memorandum: In the case at bar, defendant entered and walked from the front to the back of a dark church, three hours after the church closed; opened the door of the closed church office; put on the lights in the church office; was thereafter found by the minister of the church hiding behind the counter in the church office; then put out the lights in the church office when the minister left for a moment to get assistance; and hid behind the door of the church office. Defendant then told the detective on the latter's arrival that he (the defendant) had been "nosing around;" and made a false statement that he was a member of the church. The fact that defendant did not have any tools or weapons or that none of the church property was damaged or missing is immaterial. Defendant was not on a sightseeing tour of the darkened church. We have here more than mere suspicion; the acts of defendant were not those of an innocent person. In our opinion the fact that defendant entered the church with intent to commit a crime was established beyond a reasonable doubt.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS SINGLETON, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered November 7, 1963 after a jury trial, convicting him of robbery in the first degree, assault in the second degree and of criminally carrying concealed a loaded pistol, and imposing sentence. Judgment reversed on the law and a new trial ordered. The findings of fact implicit in the jury's verdict are affirmed. In our opinion, reversal is required because of the refusal of the trial court to submit the issue of self-defense to the jury (cf. *Allison* v. *United States,* 160 U. S. 203, 208–211). It is also our opinion that the court erred in not permitting defendant to testify as to his intent in committing the acts upon which the charges of robbery and assault were based (*People* v. *Levan,* 295 N. Y. 26, 33–34) ; and in failing to charge that the intent to steal was an essential element of the crime of robbery (*People* v. *Koerber,* 244 N. Y. 147, 153–154; *People* v. *Best,* 253 App. Div. 491, 493). We are also of the opinion that some of the prosecutor's remarks during his summation exceeded permissible bounds and constituted error. Beldock, P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.