441 P.2d 36

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jerry ECKLES, Defendant-Appellant.**

**No. 8405.**

Supreme Court of New Mexico.

May 20, 1968.

Peter M. McDevitt, Gallup, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

CHAVEZ, Chief Justice.

By criminal information filed in the district court of McKinley County, appellant was charged as follows:

"I. That he did violate Section 40A–16–2, N.M.S.A., 1953 Compilation, as amended, in that he did steal monies from Prentis Foster, by use or threatened use of force or violence on or about the 29th day of March 1965, in the County of McKinley, State of New Mexico.

"II. That he did violate Section 40A–4–1, N.M.S.A., 1953 Compilation, as amended, in that he did unlawfully take, restrain or confine Prentis Foster, by force or deception; with intent that the said Prentis Foster be held for ransom, as a hostage, confined against his will, or to be held to service against his will on or about the 29th day of March, 1965, in the County of McKinley, State of New Mexico.

"III. That he did violate Section 64–9–4A, N.M.S.A., 1953 Compilation, as amended, in that he did take a 1964 Ford Galaxie automobile, bearing 1965 N. M. License 13–771, intentionally and without consent of the owner, to-wit: Prentis Foster, on or about the 29th day of March, 1965, in the County of McKinley, State of New Mexico."

On November 8, 1965, appellant appeared before the district court, accompanied by

his attorney, and entered a plea of guilty to counts I and III. Count II was dismissed.

Appellant was sentenced under count I to a period of not less than two nor more than ten years in the State Penitentiary and, under count III, he was sentenced to a period of not less than one nor more than five years, the sentences to run consecutively, with the sentence under count I to be served first.

On March 22, 1966, appellant filed a motion to vacate the judgment and sentence under Rule 93 (§ 21-1-1(93). N.M.S.A. 1953 Comp., 1967 Pocket Supp.). On September 2, 1966, appellant filed an amended petition for relief under Rule 93, together with a supplemental petition for relief and a motion to vacate the hearing set for September 20, 1966, in Santa Fe and to reset the hearing in McKinley County.

On October 10, 1966, the district court rendered its decision, made findings of fact and concluded that appellant was lawfully committed and not entitled to relief under Rule 93, supra. An order denying appellant's motion for relief was entered on the same day, from which order this appeal was prosecuted.

Appellant's first point reads:

"THE CONSECUTIVE SENTENCES IMPOSED ON THE DEFENDANT VIOLATED HIS CONSTITUTIONAL RIGHTS GUARANTEED BY ARTICLE II, SECTION 26 [sic 15], OF THE NEW MEXICO CONSTITUTION."

Appellant seems to contend that both the charge of armed robbery, contrary to § 40A-16-2, supra, and the charge of unlawful taking of a vehicle, contrary to § 64-9-4(a), supra, arose out of the same transaction, were committed at the same time as part of a continous act, and were inspired by the same criminal intent. Thus he argues that the consecutive sentences imposed by the trial court constitute double punishment. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966); State v. Quintana, 69 N.M. 51, 364 P.2d

120 (1961). This contention is taken from language used in the above-cited cases. In State v. McAfee, supra, we said that State v. Quintana, supra, "states that the rule for determining a merger is set forth in Commonwealth ex. rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A.2d 920," as follows:

"'* * * The true test of whether one criminal offense has merged in another * * * is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny. * * * If a defendant commits a burglary and while in the burglarized dwelling he commits the crime of rape or kidnapping, his crimes do not merge for neither of them is necessarily involved in the other. When one of two criminal acts committed successively is not a necessary ingredient of the other, there may be a conviction and sentence for *both.* * * *'"

Section 40A-16-2, supra, defines robbery as follows:

"Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.

"Whoever commits robbery is guilty of a third degree felony.

"Whoever commits robbery while armed with a deadly weapon is guilty of a second degree felony."

Section 64-9-4(a), supra, provides:

"Any person who shall take any vehicle intentionally and without consent of the owner thereof shall be guilty of a felony. The consent of the owner of the vehicle to its taking shall not in case be presumed or implied because of such owner's consent on a previous occasion to the taking of such vehicle by the same or a different person."

In State v. Martinez, 77 N.M. 745, 427 P.2d 260 (1967), we stated:

"The test of whether one criminal offense has merged in another is not,

as defendant contends, whether the two criminal acts are successive steps in the same transaction but whether one offense necessarily involves the other. State v. Quintana, 69 N.M. 51, 364 P.2d 120. In Quintana we said that larceny was necessary to, or incidental to the crime of armed robbery, was not a separate and distinct offense from that of armed robbery, and thus merged with the graver offense of armed robbery so as to prevent a double punishment by a sentence for each crime. However, in Quintana, we quoted with approval from Commonwealth ex. rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A.2d 920, 921, * * *."

. ▆ It is true that a charge of larceny is necessarily included in a charge of robbery. State v. Martinez, supra; State v. Quintana, supra. However, a charge of a violation of § 64-9-4(a), supra, is not necessarily included in a charge of larceny and, thus, also is not necessarily included in a charge of robbery. The criminal intent required by the crime of larceny is the intent to deprive the owner of his property permanently. People v. Pillsbury, 59 Cal.App.2d 107, 138 P.2d 320 (1943); People v. Tellez, 32 Cal.App.2d 217, 89 P.2d 451 (1939); Fletcher v. State, 231 Md. 190, 189 A.2d 641 (1963); Kovero v. Hudson Ins. Co. of New York, 192 Minn. 10, 255 N.W. 93 (1934); People v. Stanley, 349 Mich. 362, 84 N.W.2d 787 (1957); Eiswirth Const. & Equipment Co. v. Glenn Falls Ins Co., 241 Mo.App. 713, 240 S.W.2d 973 (1951); Smart v. State, 116 Tex.Cr.R. 639, 32 S.W.2d 197 (1930). However, a violation of § 64-9-4(a), supra, does not require this intent and a conviction under this section may be had without the presence of an intent to permanently deprive the owner of possession. Thus, the test of State v. Quintana, supra, is not met. See also, State v. Parsons, 70 Ariz. 399, 222 P.2d 637 (1950); Hutchins v. State, 167 Tex.Cr. R. 595, 321 S.W.2d 880 (1959). The unlawful taking of a vehicle in violation of § 64-9-4(a), supra, as charged in count III of the information, was not a necessary ingredient of the offense of robbery committed by the theft of monies by use or threatened use of force and violence, as charged in count I of the information. Appellant committed two separate and distinct criminal offenses, and the fact that they were committed on the same day, or even that one succeeded the other as part of one episode of criminal activity, did not cause them to merge. Appellant was convicted of each offense upon his plea of guilty thereto. People v. Keboe, 33 Cal.2d 711, 204 P.2d 321 (1949), cert. denied 338 U.S. 834, 70 S.Ct. 39, 94 L.Ed. 509, cited by appellant, is not applicable.

Appellant next contends that the trial court erred by holding the Rule 93 hearing in Santa Fe in violation of the venue requirements of Art. II § 14, New Mexico Constitution, and § 40A-1-15, N.M.S.A., 1953 Comp. Article II, § 14, of our Constitution, provides in part:

"In all criminal prosecutions, the accused shall have the right to * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

The pertinent portion of § 40A-1-15, supra, provides:

"All trials of crime shall be had in the county in which they were committed. * * *"

The case relied upon by appellant, Peisker v. Chavez, 46 N.M. 159, 123 P.2d 726 (1942), considered and discussed the place of trial or prosecution and is not in point.

In Thomas v. Mills, 117 Ohio St. 114, 157 N.E. 488, 54 A.L.R. 1220 (1927), the Supreme Court of Ohio construed Art. I, § 10, of the Ohio Constitution, which is nearly identical to Art. II, § 14, of the New Mexico Constitution, and said:

"In its strict definition, the word 'trial' in criminal procedure means the proceedings in open court after the pleadings are finished and the prosecution is otherwise ready, down to and including the rendition of the verdict; and the term 'trial' does not extend to such preliminary steps as the arraignment

and giving of the pleas, nor does it comprehend a hearing in error."

At the time of the hearing on appellant's motion under Rule 93 in Santa Fe, appellant moved that the hearing be vacated and reset for hearing in McKinley County. The trial court, as reason for denying the motion, stated:

"THE COURT: * * * [T]he reason for it being that it is the opinion of the Court that the purpose of our venue laws relate to the right to be tried in the county in which one is—ordinarily lives and in which the offense has been committed, on the theory that it should be a jury trial or trial by judge, you are entitled to have one in your own bailiwick to try you.

These are proceedings under Rule 93 of the Rules of Civil Procedure, and according to this, a collateral attack upon judgment and sentence in a criminal cause, and that's—it's the opinion of the Court that venue in this case, because of the great expense of returning the defendants to their county and other problems, it is not required that it be there, it can be tried here for the convenience of both the State Penitentiary, the defendants and the Court."

Neither the constitutional nor the statutory provisions cited by appellant are applicable, because a Rule 93 hearing is neither a criminal trial nor a criminal prosecution. It is a civil proceeding. State v. Weddle, 77 N.M. 420, 423 P.2d 611 (1967). All the criminal proceedings against appellant were properly taken in the county in which the crimes were committed.

As to the venue under Rule 93, this court has held that, since we adopted Rule 93 from 28 U.S.C.A. § 2255, the interpretation on that section by the federal courts is persuasive of the meaning of the identical rule adopted by us. State v. Weddle, supra.

In Hamby v. United States, (D.C.W.D. Mo.1963), 217 F.Supp. 318, the District Court for the Western District of Missouri, noted:

"This case was orginally filed in the Southern Division of the Western District of Missouri as Case No. 1972. Section 2255 of Title 28, U.S.C., gives a prisoner in custody the right to 'move the court which imposed the sentence.' That statute does not require the court to hear the motion in the same division that sentence was imposed. The Court, for the convenience of petitioner and its own convenience (we sit regularly in Springfield, Missouri, only in April and October) hereby orders the cause transferred from the Southern Division to the Western Division of this District and directs the Clerk to assign a Western Division number to this case."

■ In State v. Brinkley, 78 N.M. 39, 428 P.2d 13 (1967), this court held that the due process clause of the Fourteenth Amendment does not require a judge to have a convicted person present for the hearing on a motion under Rule 93. If appellant did not have a right to be present at the hearing, a fortiori he had no right to be heard in a particular place, absent a showing of prejudice. At no time during the Rule 93 hearing did appellant or counsel for appellant contend that appellant was prejudiced because the hearing was held in Santa Fe.

It follows from what has been said that the order denying relief under Rule 93 should be affirmed.

It is so ordered.

NOBE, J., and OMAN, J., Court of Appeal, concur.