510 P.2d 1075

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jimmy PUGA, Defendant-Appellant.**

**No. 1046.**

Court of Appeals of New Mexico.

May 23, 1973.

John M. Wells, Robert A. Martin, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of two counts of robbery, defendant appeals. Section 40A–16–2, N.M. S.A.1953 (2d Repl.Vol. 6). The issues concern: (1) intent as an element of robbery, and (2) instructions concerning intent. We affirm.

Section 40A–16–2, supra, states:

"Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence."

*Intent as an element of robbery.*

■ Section 40A–16–2, supra, does not specifically mention "intent." The Attorney General states: " . . . criminal intent is not an essential element of the crime of robbery. . . . " We disagree for two reasons.

First, State v. Shedoudy, 45 N.M. 516, 118 P.2d 280 (1941) holds " . . . the existence of a criminal intent is to be regarded as essential, although the terms of the statute do not require it. . . . " Further, " . . . the legislature may forbid the doing of an act and make its commission criminal, without regard to the intent with which such act is done; but in such case it must clearly appear . . . that such was the legislative intent. . . . " State v. Craig, 70 N.M. 176, 372 P.2d 128 (1962) and State v. Lawson, 59 N.M. 482, 286 P.2d 1076 (1955) applied this rule as to criminal intent. This court has applied this rule in numerous cases; recent ones are State v. Fuentes, (Ct.App., 84 N.M. 757, 508 P.2d 27) (1973); State v. Pedro, 83 N.M. 212, 490 P.2d 470 (Ct.App. 1971). It does not clearly appear from § 40A–16–2, supra, that the Legislature intended to make robbery a crime without regard to the intent with which the act is done. Thus, robbery does require a criminal intent under State v. Shedoudy, supra.

■ Second, robbery is an aggravated form of larceny. 2 Wharton's Criminal Law and Procedure §§ 547, 548 (1957). This is demonstrated by comparing the definition of larceny with the definition of robbery. Section 40A–16–1, N.M.S.A. 1953 (2d Repl.Vol. 6) states: "Larceny consists of the stealing of anything of value which belongs to another." Section 40A–16–2, supra, which is quoted above, requires a theft. "Theft" is the act of stealing. Webster's Third New International Dictionary (1966).

■ A criminal intent is required for larceny. State v. Eckles, 79 N.M. 138, 441 P.2d 36 (1968); State v. Paris, 76 N.M. 291, 414 P.2d 512 (1966); State v. Curry, 32 N.M. 219, 252 P. 994 (1927). The criminal intent required for larceny is also required for its aggravated form—robbery. 2 Wharton's, supra, § 548.

■ The Attorney General asserts no criminal intent is required for robbery because, by statutory definition, robbery requires the theft of something of value "by

use or threatened use of force or violence." In so contending, the Attorney General refers to the criminal intent of conscious wrongdoing.

This argument mistakes the criminal intent involved for there to be a robbery. The intent necessary for robbery includes the general criminal intent of conscious wrongdoing. See State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969). But more than conscious wrongdoing is involved.

◼ The criminal intent necessary for larceny is the intent to permanently deprive the owner of his property. State v. Eckles, supra; see State v. Austin, supra. This is the intent to steal. State v. Paris, supra. This same intent to steal is necessary for there to be a robbery. ". . . [R]obbery requires an intent to steal. . . ." ". . . [A]n intent to steal is an essential element. . . ." 2 Wharton's, supra, § 548. Since one cannot intend to steal without consciously intending to do wrong, our concern with criminal intent in robbery cases is not with the general criminal intent discussed in State v. Austin, supra, but with a specific intent— the intent to steal.

◼ The use or threatened use of force or violence does not eliminate such an intent as an element of robbery. Force or violence could be used in a taking of property in jest, in taking one's own property or in taking property when so drunk that an intent could not be formed. Such takings, although employing force or violence, could be done without an intent to steal. 2 Wharton's, supra, § 548.

We hold that a criminal intent is an essential element of the crime of robbery. McGruder v. State, 213 Ga. 259, 98 S.E.2d 564 (1957); People v. Singleton, 21 A.D. 2d 907, 251 N.Y.S.2d 714 (1964). That criminal intent is the intent to steal.

*Instructions concerning intent.*

◼ The only specific mention of intent in the instructions to the jury referred to the manner of proving intent. The instruction states: "Intent is seldom susceptible of direct proof, and may be inferred from the facts and circumstances surrounding the case." The jury was not specifically instructed that an intent to steal was an element of robbery. No issue was raised in the trial court concerning the intent to steal. This intent, being an essential element of the crime, is jurisdictional and may be raised for the first time on appeal. State v. Walsh, 81 N.M. 65, 463 P.2d 41 (Ct.App.1969).

State v. Maestas, 63 N.M. 67, 313 P.2d 337 (1957) states: ". . . Instructions are sufficient which substantially follow the language of the statute or use equivalent language. . . ." This Court applied this rule in State v. Fuentes, supra, and State v. Baca, 85 N.M. 55, 508 P.2d 1352 (Ct.App.1973). Both cases involved statutes which expressly refer to the required intent. See § 54–11–22(A), N.M.S.A. 1953 (Int.Supp.1972) and § 40A–16–3, N.M. S.A.1953 (2d Repl.Vol. 6). That is not the situation here. The language of our robbery statute, § 40A–16–2, supra, does not mention intent. Neither *Fuentes* nor *Baca* is applicable to the fact situation in this case.

State v. Lopez, 80 N.M. 599, 458 P.2d 851 (Ct.App.1969), cert. denied, 398 U.S. 942, 90 S.Ct. 1860, 26 L.Ed.2d 279 (1970) applied the rule stated in State v. Maestas, supra, to the instructions in a robbery case. It did so without discussion. This appeal raises the question of whether the *Maestas* rule was properly applied in *Lopez*.

◼ Specifically, the question is whether an instruction in the language of the statute in a robbery case should be considered a sufficient instruction on the element of intent when the robbery statute does not expressly mention "intent." There is authority that in such a situation the jury has not been properly instructed on the issue of intent. State v. Mundy, 265 N.C. 528, 144 S.E.2d 572 (1965). While an instruction on the requisite intent to steal would, in our opinion, be a clearer statement as to that element, nevertheless, our

view is that in a robbery case an instruction in the language of the statute is legally sufficient. Our view is based on the definition of the crime.

Robbery requires an intent to steal; an intent to commit a theft. The jury was instructed that a material allegation was that ". . . the defendant did commit a theft of a thing of value, to wit: money, from the immediate control of Art Sanchez and Manuel Sanchez." The use of the word "theft" in the instruction carried with it the meaning that the taking of money from the victims must have been with the intent to steal the money. State v. Paris, supra. This is so because "theft" means a taking "with intent to deprive the rightful owner" of that which is taken. Webster's Third New International Dictionary (1966).

▮▮▮ Accordingly, we hold that the instruction in the language of the statute sufficiently instructed on the essential element of an intent to steal and that State v. Maestas, supra, was properly applied in State v. Lopez, supra. In so holding, we caution that we do not hold that an instruction in the language of the statute will be a sufficient instruction on the issue of intent for all crimes. For example, in State v. Bachicha, 84 N.M. 397, 503 P.2d 1175 (Ct.App.1972) the statute involved, § 64-9-4, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2), which was read to the jury, referred to the intentional taking of a vehicle, but such an instruction did not inform the jury there must be a conscious wrongdoing. The jury not having been instructed on the general intent of conscious wrongdoing, the instruction would have permitted conviction for intentionally taking a vehicle even if there was an accidental mistake as to the car involved. See State v. Austin, supra.

▮▮▮ Generalization from our holding is simply this: A jury must be instructed on the essential elements of the crime charged. State v. Walsh, supra. Where intent is an essential element, and in most cases it will be, the jury must be

instructed on the intent involved. State v. Carter, 4 Wash.App. 103, 480 P.2d 794 (1971). The instruction need not use the word "intent," but the words used must inform the jury of any intent which is an element of the crime charged. Compare Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); State v. Austin, supra. In this case, the words used instructed the jury on the requisite intent.

▮▮▮ Defendant also asserts the instructions in this case were erroneous because as a whole they did not properly instruct on all of the elements of robbery. The complaint is not that essential elements are missing, but that the elements are not all stated in one place and certain elements, such as "a thing of value" are not defined. Instructions are to be considered as a whole; all elements of the offense need not be contained in one instruction. State v. Paul, 83 N.M. 619, 495 P.2d 797 (Ct.App.1972). Since the essential elements of robbery are covered in the instructions, if defendant considered certain of the elements should have been defined, he should have raised the issue in the trial court. He did not do so. Accordingly, he may not raise this issue here for the first time. State v. Fuentes, supra.

In deciding this case, we are aware that there is a question as to our jurisdiction. This case was submitted to this Court on February 26, 1973, and at that time was clearly within our jurisdiction. Section 16-7-8, N.M.S.A.1953 (Repl.Vol. 4). On March 21, 1973, 84 N.M. 756, 508 P.2d 26, we certified the case to the New Mexico Supreme Court. We did so because the Supreme Court had granted certiorari in other cases involving instructions on "intent." Our certification was pursuant to § 16-7-14(C), N.M.S.A.1953 (Repl.Vol. 4) which states: "Any certification by the court of appeals under this subsection is a final determination of appellate jurisdiction." The Supreme Court, however, remanded the case to us for decision. We have decided this case on the basis that we

**208**

had jurisdiction by virtue of the remand, and not on the basis of § 16–7–8, supra.

The judgment and sentence is affirmed. It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.