**Michael H. NEELY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56094.**

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 18, 1978.

Steven E. Halpin, Houston, (Court-appointed), for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Robert N. Burdette, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

The appellant was indicted for, convicted of, and now appeals from the conviction for unauthorized use of a motor vehicle under V.T.C.A. Penal Code, Sec. 31.07. Appellant was sentenced to five years' imprisonment.

On January 10, 1976, appellant borrowed Gloria Alex's car, telling her he would return it in a couple of hours. Two days later he called Alex from out of town, telling her that something was wrong with the car. Alex told him that she needed the car, and appellant again told her that he would have it back in two hours. Alex next saw her car three months later, in damaged condition and with different license plates. In the meantime she had filed charges on appellant.

In his sole ground of error, appellant contends that the evidence is insufficient to sustain his conviction under Sec. 31.07, supra, because when he took the car he had the owner's consent. Appellant asserts that he can only be convicted for theft under V.T.C.A. Penal Code, Sec. 31.03. Although these facts would support a conviction for theft, they also support a conviction for unauthorized use of a motor vehicle.

The general theft statute, V.T.C.A. Penal Code, Sec. 31.03(a) provides:

"A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property."

The elements of this offense are (1) a person (2) with intent to deprive the owner of property (3) unlawfully appropriates property. An appropriation of property is "unlawful" if it is without the owner's effective consent. V.T.C.A. Penal Code, Sec. 31.03(b). "Appropriate" means in part "to acquire or otherwise *exercise control over* property . . . ." V.T.C.A. Penal Code, Sec. 31.01(5)(B). (Emphasis added.)

V.T.C.A. Penal Code, Sec. 31.07(a) provides:

"A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner."

The elements of this offense are (1) a person (2) intentionally or knowingly (3) oper-

ates a boat, airplane, or motor-propelled vehicle (4) without the effective consent of the owner.

The elements of these two offenses are the same except that in theft there is the additional element of an intent to deprive the owner of property. See Practice Commentary, V.T.C.A. Penal Code, Sec. 31.07. The operation of a vehicle under Sec. 31.07 is included within the term "appropriate" as used in the theft statute. "Operation" is not defined in the Penal Code, but "operator" is defined in Art. 6701h, V.A.C.S., as "Every person who is in actual physical control of a motor vehicle." Virtually the same definition is provided in Art. 6687b, V.A.C.S.

Because the offense of unauthorized use of a motor vehicle can be proved by the same or less than all the facts necessary to prove theft, it is a lesser included offense of theft. Art. 37.09, V.A.C.C.P.; *Sutton v. State,* 548 S.W.2d 697 (Tex.Cr.App.1977); *Hazel v. State,* 534 S.W.2d 698 (Tex.Cr.App. 1976).

Since the appellant admits and we agree that the facts would sustain his conviction for the offense of theft, such facts will sustain his conviction for the lesser included offense of unauthorized use of a motor vehicle. See *Daniels v. State,* 464 S.W.2d 368 (Tex.Cr.App.1971).

Art. 40.03, V.A.C.C.P. supports this result:

"New trials, in cases of felony, shall be granted the defendant for the following causes, and for no other:

\* \* \* \* \* \*

"(9) Where the verdict is contrary to law and evidence. A verdict is not contrary to the law and evidence, within the meaning of this provision, where the defendant is found guilty of an offense of inferior grade to, but of the same nature as, the offense proved."

See *Daniels v. State,* supra.

Under the former penal code, the predecessor to the offense of unauthorized use of a motor vehicle was driving without consent. Art. 1341, V.A.P.C. In *Hutchins v. State,* 167 Tex.Cr.R. 595, 321 S.W.2d 880

(1959), and *Ex parte Rhoder,* 120 Tex.Cr.R. 78, 47 S.W.2d 827 (1932), this Court held that driving without consent was not a lesser included offense of theft. However, the lesser included offense statute has been completely revised since these decisions; thus they do not control the instant case. Compare Art. 37.09, V.A.C.C.P. as amended by Acts 1973, 63rd Leg. P. 968, ch. 399, Sec. 2(A), effective January 1, 1974, and Art. 695, V.A.C.C.P. (1925). See *Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1976).

Appellant's ground of error is overruled; the judgment is affirmed.