■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ELLISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered October 10, 1985, convicting him of criminal sale of a controlled substance in the third degree and criminal sale of marihuana in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal sale of a controlled substance in the third degree, vacating the sentence imposed thereon, and ordering a new trial as to that count of the indictment. As so modified, the judgment is affirmed. The facts have been considered and determined to have been established.

Officer Ayala, a veteran police officer assigned to the Queens Narcotics Division, approached the defendant in the course of an undercover operation involving the purchase of a controlled substance. Based upon the defendant's representation that he was selling "nickel bags of smoke", Ayala, using prerecorded buy money, purchased from him two plastic envelopes containing marihuana. After completing that transaction, the defendant informed Ayala that he could also sell her some cocaine. After setting the price at $25, the defendant went into a nearby appliance store and returned within a couple of minutes to hand Ayala some cocaine wrapped in tinfoil and plastic. The substances purchased were submitted to a police chemist for analysis and determined to constitute marihuana and cocaine.

The defendant testified on his own behalf and admitted that selling marihuana was his sole means of monetary support. On the date of his arrest, the defendant claimed to have seen Officer Ayala speaking with his friend Lucius. Lucius approached the defendant and told him that Ayala was looking for marihuana. When the defendant stated that he only had two bags, Ayala purchased those for $10. As the defendant

turned to walk away, Ayala asked if he could procure some cocaine for her from the appliance store since she had been unsuccessful in her attempt to purchase it personally. The defendant took the $25 proffered by Ayala and made the purchase for her without keeping any of the money for himself.

The defense counsel then attempted to ask the defendant such questions as "Why did you go and get the cocaine for this woman?" and "Who were you acting for when you went to get the cocaine?" Objections to both questions were sustained, and the defendant was precluded from answering them. On cross-examination, the prosecutor elicited the admissions that the defendant had never seen Ayala before and that no one had ever asked him to buy cocaine or any other drugs besides marihuana before. On redirect examination, in an effort to rehabilitate the defendant, the defense counsel again asked "Why did you get the coke for [Ayala]?", but the defendant was again precluded from answering.

We see no reason why the defendant should have been precluded from testifying as to his motive in procuring the cocaine for Ayala since this matter was central to his agency defense, which defense could serve to negate the "intent to sell" element of the crime charged (see, People v Levan, 295 NY 26, 34; People v Singleton, 21 AD2d 907). It is well settled that one who participates in a sale of illegal narcotics solely to assist the buyer and who has no direct interest in the contraband being sold cannot be convicted of the crime of criminal sale of a controlled substance (People v Roche, 45 NY2d 78, cert denied 439 US 958; People v Bryant, 106 AD2d 650). The determination of whether a defendant was acting as a seller or was merely a purchaser doing a favor for a friend is generally a factual question for the jury to resolve on the merits (People v Lam Lek Chong, 45 NY2d 64, 74, cert denied 439 US 935). In the instant case, the jurors were effectively precluded from having an opportunity to make this determination.

Apart from the defendant's testimony that he did not sell cocaine for the people in the appliance store, the jury was simply repeatedly informed, in a conclusory fashion, that in procuring the cocaine the defendant was acting for Ayala as a favor to her. The defense was not permitted to specifically inquire as to the reasons underlying the defendant's willingness to do such a favor. Such reasons may have been plausible and crucial to the defendant's case, especially on the heels of his testimony that he had never seen Ayala before and had

never been asked to procure cocaine before. While Ayala's testimony that it was the defendant who first suggested the cocaine sale severely damaged the defendant's agency defense, it cannot be said on this record that there is no reasonable possibility that the error in precluding the defendant from testifying as to his motives in procuring the cocaine did not contribute to the defendant's conviction (see, People v Crimmins, 36 NY2d 230, 237). Inasmuch as the defendant was improperly prevented from fully developing his agency defense, a new trial should be granted as to the count of criminal sale of a controlled substance in the third degree in order to afford him a fair opportunity to do so.

It bears noting that the agency defense applies only to the sale of cocaine. In view of the defendant's testimony that selling marihuana was his sole means of monetary support, and his specific admission that he had sold two bags of marihuana to Officer Ayala, the conviction of criminal sale of marihuana in the fourth degree must stand. The judgment is modified accordingly. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.