■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD McBEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 8, 1986, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of criminal possession of a controlled substance in the third degree, vacating the sentence imposed thereon, and remitting the matter to the Su-

preme Court, Queens County, for a new trial on that count of the indictment; as so modified, the judgment is affirmed. No questions of fact have been raised or considered.

The evidence adduced at the defendant's trial indicated that on April 24, 1985, an undercover police officer who previously had been introduced to the defendant telephoned the defendant at his place of employment. The officer, posing as a college student, stated that she had received permission from the defendant's supervisor to write a term paper concerning some developmentally disabled children who were under the defendant's care. As the conversation continued, the officer told the defendant that she was going to have a party and that he was invited. They began discussing the subject of "getting high", and the defendant asked the officer "[d]o you ski?", an apparent slang reference to the use of cocaine. The officer stated that she did, but explained that she was unable to obtain "decent stuff", whereupon she told the defendant that she would be interested in obtaining some cocaine for the party. The defendant stated that he would help her to do so. On the following day, the two met at a designated location, but the defendant informed the officer that she was parked in "a very hot spot", a reference to the fact that the area was well known for being the site of drug transactions and was frequently patrolled by police. The defendant made a telephone call and then directed the officer to another location. Upon their arrival, the officer gave the defendant $50 in prerecorded money. The defendant approached a nearby building, knocked on the door, and gained entry. He purchased three quarter-gram packets of cocaine, even though the officer had only provided him with money for the purchase of two packets. During the defendant's direct examination, the trial court sustained several objections to questions concerning the reason for which he purchased the cocaine and what he intended to do with the third packet of the narcotic.

By sustaining the aforementioned objections, the trial court erroneously precluded the defendant from testifying as to his state of mind at the time he purchased the third packet of cocaine. It is well settled that "where an actor's state of mind is a material issue, the actor is allowed to testify concerning such issue" (People v Rivera, 101 AD2d 981, 982, affd 65 NY2d 661; see, People v Ellison, 128 AD2d 720). Inasmuch as criminal possession of a controlled substance in the third degree requires proof of an intent to sell, the defendant should have been permitted to testify fully regarding his mental state with respect to the disposal of the third packet. The court's failure

to allow such testimony during the defendant's direct examination therefore requires reversal and a new trial on the charge of criminal possession of a controlled substance in the third degree.

Contrary to the People's contention, the testimony adduced during the cross-examination of the defendant did not clearly demonstrate what he intended to do with the third packet of cocaine. Hence, it cannot be said that the testimony objected to would have been cumulative and the error thereby rendered harmless.

However, the trial evidence clearly supports the defendant's conviction for criminal possession of a controlled substance in the seventh degree, as the defendant admitted his knowing and unlawful possession of the narcotic (see, People v Sierra, 45 NY2d 56). Of course, inasmuch as both the criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree counts were based upon the defendant's possession of the same packet of cocaine, the latter charge constitutes an inclusory concurrent count of the former charge. Hence, if the defendant should be convicted of criminal possession of a controlled substance in the third degree upon retrial, his conviction for criminal possession of a controlled substance in the seventh degree should be dismissed. Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.