■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered February 2, 1988, convicting him of criminal possession of a controlled substance in the third degree, loitering in the first degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

The defendant asserts that a key case containing 19 packets of heroin should have been suppressed because he spontaneously dropped it when confronted with illegal police activity. We find, however, that this contention is without merit.

A review of the record discloses that the arresting officer approached the defendant in a marked police car after receiving a radio transmission from a fellow officer. The transmission included the defendant's name and description. The arresting officer was approximately 10 feet away from the defendant when he observed him drop the black key case to the ground. Prior to the defendant's dropping of the case, the police did not issue a directive to him, did not draw their guns, and did not utilize the police car siren. The police action described above was lawful. "The minimal intrusion of approaching to request information is permissible when there is

some objective credible reason for that interference not necessarily indicative of criminality" *(People v De Bour,* 40 NY2d 210, 223). We find that the radio transmission justified the police action of approaching the defendant to request information. Absent illegal police action, the defendant's assertion that he dropped the key case as a spontaneous act precipitated by illegal police action fails at the onset.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the trial court should have charged the lesser included offense of criminal possession of a controlled substance in the seventh degree is also without merit. While the latter crime is indeed a lesser included offense of criminal possession of a controlled substance in the third degree *(see, People v McBee,* 143 AD2d 773), there was no "reasonable view of the evidence" to support giving the charge *(see,* CPL 300.50 [1]). Purely speculative hypotheses are insufficient to provide a "reasonable view" of the evidence *(see, People v Flores,* 113 AD2d 899). Here, the defendant offered no evidence at the trial, no statements of his were admitted into evidence, the People's case contained no contradictory proof and there was no utilization of cross-examination to impugn the prosecution's evidence on the element of the defendant's intent to sell the narcotic drugs *(cf., People v Scarborough,* 49 NY2d 364, 369-371).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.